55   267
87   60

55   267
132  535

55   267
e149 674

[No. 6,344.—Department No. 2.]

## CHANDLER v. CHANDLER.

ACTION TO QUIET TITLE—EQUITY—RETURN OF CONSIDERATION—MAXIM.—A plaintiff cannot come into a Court of Equity, and ask for a decree debarring the defendant from asserting a claim under an instrument executed by the former, without restoring the consideration received by him.

ID.—ID.—DEED—BARGAIN AND SALE—STATUTE OF USES.—The plaintiff, and his wife, in the year 1869, executed to the defendant a deed whereby, in consideration of the sum of $2,000, they granted, bargained, and sold to the defendant and his heirs and assigns forever, a certain tract of land; but it was expressly provided, and the deed was made upon the express condition, that the parties of the first part should have and retain the entire use and control of the said demised premises, so long as they, or either. of them, should live. In an action to quiet title, brought by the plaintiff against the defendant, this deed was adjudged to be void, and the plaintiff's title to be good.

Upon appeal, held—assuming that the deed was inoperative as a common law conveyance, because an attempt to create or convey a freehold to commence in futuro:

1st. That a freehold to commence in futuro could be created by a bargain and sale, operating under the Statute of Uses; and that, if the Statute of Uses was part of our law, prior to the Codes, the deed was valid.

2nd. That, if the Statute of Uses was not in force in this State when the deed was executed, the bargain and sale would be recognized and enforced in a Court of Equity, as it would have been before the statute.

3rd. That in either case, the Court, as a Court of Equity, had power to settle and determine the actual rights of the parties, and prevent future complications, by decreeing a formal conveyance of the fee from the plaintiff to the defendant, and a reconveyance for the life of the former by the latter, and this should have been done.

STATUTE OF USES.—Query, whether the Statute of Uses, (27 Henry 8, ch. 10) was ever in force in this State.

STATUTE OF ENROLLMENTS.—The Statute of Enrollments (27 Henry viii, ch. 16) has never been in force in this State.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Sixth District Court, County of Yolo. DENSON, J.

*George Cadwalader*, for Appellant.

The rule, that estates to commence in *futuro* cannot be created by deed, is limited only to *common-law* conveyances, and does not apply to conveyances operating under the Statute of Uses. (*Rogers* v. *Eagle Fire Co.* 9 Wend. 611.)

That the Statute of Uses is in force in this State, there can be little doubt (4 Kent, 299); and the deed is good under that statute, either as *a bargain and sale*, or as *a covenant to stand seized to uses*.

The operation of these two conveyances is the same—the only difference between them being, that the former is founded on a pecuniary consideration, and the latter on one of blood or marriage.

In the deed in question there is not only a moneyed consideration, but also a consideration of blood. The deed is therefore good, either as a covenant to stand seized to uses, or as a bargain and sale. (*Pray* v. *Pierce*, 7 Mass. 381; *Rogers* v. *Eagle Fire Co.* 9 Wend. 611; *French* v. *French*, 3 N. H. 242; *Bell* v. *Scammon*, 15 id. 394; *Cook* v. *Brown*, 34 id. 460; Cornish on Uses, 162; 1 Hey. 259; *Jackson* v. *Swart*, 20 John. 85; *Gale* v. *Coburn*, 18 Pick. 397; *Wallis* v. *Wallis*, 4 Mass. 136; *Davenport* v. *Wynne*, 6 Ired. 128; *Jackson* v. *Wood*, 20 John. 85; *Jackson* v. *McKenny*, 3 Wend. 233; *Brewer* v. *Hardy*, 22 Pick. 376; *Chancellor* v. *Windham*, 1 Rich. 161.)

It is settled in New York—overruling the cases to the contrary—that a freehold, to commence *in futuro*, may be conveyed by an instrument to take effect as a bargain and sale. (*Jackson* v. *Dunsbagh*, 1 Johns. Cas. 91; *Rogers* v. *Eagle Fire Co.* 9 Wend. 611.)

If the deed is not valid as a conveyance, it may be treated as an agreement to convey, and equity will enforce it. (*Sherman* v. *Dodge*, 28 Vt. 26.)

*S. G. Harper*, for Respondent.

It was conceded in the argument of this cause that an estate of freehold, to commence *in futuro*, could not be created previous to the adoption of the Civil Code. This point was de-

cided in *Hawes* v. *Stebbins*, 49 Cal. 369, which is on all fours with this case. The deed under discussion is a plain bargain and sale deed.

A deed cannot operate as a covenant to stand seized to uses, unless the consideration of blood or marriage be expressed on its face. (*French* v. *French*, 3 N. H. 234; *Underwood* v. *Campbell*, 14 id. 393; *Lynch* v. *Livingston*, 8 Barb. 485.)

MCKINSTRY, J.:

The plaintiff prays for a decree quieting his title to certain lands, and that defendant has no claim or title thereto. Defendant relies upon an instrument hereinafter recited, which was executed and delivered by plaintiff in consideration of two thousand dollars paid him by defendant. It is perfectly obvious that plaintiff cannot come into a Court of Equity and ask for a decree debarring defendant from asserting any claim under the instrument, without restoring the money.

But defendant has set forth the nature of his claim, and is entitled to have his rights adjudicated. The decision of this case, therefore, must turn upon the construction of the instrument following:

" This indenture, made the fifth day of October, in the year of our Lord, one thousand eight hundred and sixty-nine, between Solomon Chandler and Naomi Chandler, his wife, of the County of Yolo, and State of California, parties of the first part, and Gates S. Chandler, the party of the second part, witnesseth, that the said parties of the first part, for and in consideration of the sum of two thousand dollars in gold coin of the United States of America, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, remised, released, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, remise, release, convey, and confirm unto the said party of the second part, and to his heirs and assigns forever, all that certain lot, piece, or parcel of land, situate, lying, and being in the County of Yolo, and State of California, and bounded and particularly described as follows, to wit: the north half of the south-east quarter of section thirty (30), and

the north half of the south-west quarter of section twenty-nine (29), all in township nine (9) north, range two (2) east, Mt. Diablo base and meridian, containing one hundred and sixty acres.

" *Provided always, and this indenture is made upon the express condition, that the said parties of the first part shall have and retain the entire use and control of said demised premises, so long as they or either of· them shall live, and anything in this· indenture to the contrary thereof in anywise notwithstanding.*

" Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof, and also all the estate, right, title, interest, homestead, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in, or to the said premises, and every part and parcel thereof, with the appurtenances. To have and to hold, all and singular, the said premises, together with the appurtenances, unto the said party of the second part, his heirs and assigns forever. And the said parties of the first part and their heirs, the said premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against the said parties of the first part and their heirs, and against all and every person and persons whomsoever, lawfully claiming or to claim the same, shall and will warrant, and by these presents forever defend.

" In witness whereof, the said parties of the first part have hereunto set their hands and seals, the day and year first above written. " SOLOMON CHANDLER. [Seal.]
" NAOMI CHANDLER. [Seal.]
" S gned, sealed, and delivered, in the presence of C. S. Frost."

It may be assumed that the deed is inoperative as a common-law conveyance of the legal title, because an attempt to create or convey a freehold to commence *in futuro.* (*Hawes* v. *Stebbins*, 49 Cal. 369.) If it be also assumed that the English *Statute of Uses* was part of our law prior to the Codes, the deed could not operate as a *covenant to stand seized to uses*, because the only consideration for such covenant was blood or marriage. (2 Bl. Com. 338.) Whether the statute 27 Henry viii, chap. 10,

is a portion of our law or not, it is quite certain that the *Statute of Enrollments*, 27 Henry viii, chap. 16, has never been in force in this State, because its provisions are in conflict with our system of laws, and with specific statutes, and the common law of England has never been adopted " as a rule of decision" only so far as it is not repugnant to the laws of this State. (Pol. Code, § 4468.)   If the Statute of Uses was part of our law, one could have covenanted to stand seized, or bargain and sell, to the use of another at a future day.  (4 Kent, 298.)   Chancellor Walworth, in the Court for the Correction of Errors, in an opinion, "the reasoning of which," says Professor Washburn, 3 Real Prop. 325, "would seem to leave little doubt in the matter beyond what arises from the circumstances that other courts have taken a different view of the law," shows that a freehold *in futuro* could be created by a bargain and sale operating under the Statute of Uses. (*Rogers* v. *Eagle Fire Co. of New York*, 9 Wend. 621.)

If the Statute of Uses was not in force in this State when the deed was executed, the bargain and sale will be recognized and enforced in a Court of Equity, as it would have been before the statute.   When uses were raised by conveyances at common law, operating by transmutation of possession, the uses declared in such conveyances did not require a consideration.   The real owner had divested himself of the legal estate, and the person in whom it was vested being a mere naked trustee, equity held him bound in conscience to execute the directions of the donor. If there were no uses declared, and no consideration, the use resulted to the feoffor or releasor, for, under such circumstances, it would not be presumed that the feoffor or releasor intended to part with the use.   In case of covenants to stand seized, and of a bargain and sale, prior to the Statute of Uses, the inheritance remained in the contracting party.   In such case the transaction was a mere contract which required either a good or a valuable consideration, without which it would not be enforced by a Court of Equity.   (4 Kent.)   Where, however, the covenant to stand seized, or bargain and sale, was supported by a proper consideration, there can be no doubt that a Court of Equity would, and now should, contemplate the actual rights of the parties, and construe the instrument in such manner as to

effectuate their intention. Admitting the instrument cannot be enforced as a grant, it is a contract on the part of the bargainer to transfer the whole legal estate to the bargainee, and on the part of the latter to convey a life estate to the former. The decree might have provided for appropriate conveyances to carry out the evident purpose of the agreement.

Nor is it necessary to decide whether the English Statute of Uses was adopted in this State as a portion of the common law. If the clause in the deed may be construed as a declaration of trust by *defendant*, and the effect of the statute was to transfer the life estate to *cestui qui use*—or if its effect was to give a life estate to the bargainer with remainder in the bargainee—or if, by any other theory as to the effect of the statute, the use and legal title were united during the life of plaintiff, a Court of Equity, to whom the whole matter has been submitted, has power to settle and determine the actual rights of the parties, (and prevent future complications) by decreeing a formal conveyance of the fee from plaintiff to defendant, and a reconveyance for the life of the former by the latter. In our opinion this should be done. (See *Sherman* v. *Estate of Dodge*, 2 Wms. (Vt.) 26.)

The order denying a new trial is affirmed. The judgment is reversed, and the Court below is directed to enter a decree in accordance with the foregoing opinion.

ROSS, J., and McKEE, J., concurred.