[L. A. No. 2038.  Department Two.—August 5, 1908.]

A. E. TANDY, Respondent, v. J. W. WAESCH, Defendant, Cross-Complainant and Appellant, and W. M. GARLAND et al., Defendants and Respondents.

VENDOR AND VENDEE—CONTRACT MADE IN NAME OF AGENT—AGENT MAY SUE ON IN OWN NAME.—A person who enters into a written contract for the purchase of land in his own name, although he was acting as an agent for another, is a trustee of an express trust within the meaning of section 369 of the Code of Civil Procedure, and may maintain an action to recover a payment made on account of the purchase price without joining his principal.

ID.—TITLE FREE OF ENCUMBRANCES—RIGHTS OF WAY—BUILDING RE-
STRICTIONS.—A contract to convey land by a title free and clear of
all encumbrances, is not complied with if the land is subject to
rights of way for water-pipes, ditches, and zanjas for irrigation
purposes, and to restrictions requiring the erection thereon of certain
kinds of buildings. Under such a contract the vendee is entitled to
recover the part of the purchase price paid, upon the failure of
the vendor, within a reasonable time, to remove the encumbrances.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Charles Monroe, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Oscar C. Mueller, and William M. Hiatt, for Respondents.

HENSHAW, J.—Plaintiff sued to recover the sum of one
thousand dollars, paid on account of the purchase price of a
piece of land under contract with defendant, whereby de-
fendant agreed to convey the land by a title free and clear of
all encumbrances. He averred that defendants' title was en-
cumbered by restrictions, reservations, and covenants as fol-
lows:—

"It is hereby covenanted and agreed, by and between the
parties hereto, and it is part of the consideration of this con-
veyance, that no main building shall be erected or suffered to
remain upon the premises hereby conveyed that is not reason-
ably worth one thousand dollars for one story or fifteen hun-
dred dollars for two stories, and said main building shall be
erected before any other building on said property.

"There is hereby expressly reserved and excepted from the
operation of this deed to the parties of the first part, their
successors, heirs or assigns forever, the right of way for, and
the right to construct, lay down, and maintain, pipes, ditches,
and zanjas for irrigation purposes upon, through and across
the parks, streets, and avenues in said city of Redondo Beach,
said several rights of way and exceptions to be made of such
sizes, quantities and dimensions as may be reasonably required
for the several and respective uses for which the same are
severally reserved."

It was alleged that a reasonable time had been given to remove these encumbrances, and that they had not been removed; and, indeed, upon the trial, it was conceded that they were still in existence. Defendant pleaded by answer and cross-complaint, calling in as defendants to his cross-complaint, besides the plaintiff Tandy, W. M. Garland, and E. T. Ames. Trial was had, judgment passed for plaintiff Tandy, and from that judgment and the order of the court denying defendant's motion for a new trial, he appeals.

His principal contention upon appeal seems to be that as it was disclosed and known to him that Tandy was acting as agent, and that the defendant Garland was principal, the action should have been brought by Garland, and cannot be maintained in the name of Tandy. Tandy, however, was a proper party plaintiff. To the general rule laid down in section 367, of the Code of Civil Procedure, that every action must be prosecuted in the name of the real party in interest, there are certain exceptions specified in section 369 of the Code of Civil Procedure. That section authorizes the trustee of an express trust to sue without joining the beneficiary and declares that a person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section. The contract having been made in Tandy's name for the benefit of Garland, Tandy thus became the trustee of an express trust and entitled to maintain the action. (See *Walker* v. *McCusker,* 71 Cal. 594, [12 Pac. 723]; *Giselman* v. *Starr,* 106 Cal. 657, [40 Pac. 8]; *Los Robles Water Co.* v. *Stoneman,* 146 Cal. 204, [79 Pac. 880]; *Anglo-Californian Bank* v. *Cerf,* 147 Cal. 384, [81 Pac. 1077]; Pomeroy's Code Remedies, secs. 103, 105; Bliss on Code Pleadings, sec. 57.)

The restrictions, reservations, and covenants constituted encumbrances upon the title of defendant, which, not being removed, justified plaintiff in seeking a recovery of his partial payment under defendant's contract to convey to him a title "free and clear of all encumbrances." Indeed, this proposition is not seriously disputed, but if it were it finds abundant support. (*Quatman* v. *McCray,* 128 Cal. 285, [60 Pac. 855]; *Whelan* v. *Rossiter,* 1 Cal. App. 701, [82 Pac. 1082]; *Goldstein* v. *Hensley,* 4 Cal. App. 444, [88 Pac. 507]; *Wetmore* v. *Bruce,* 118 N. Y. 319, [23 N. E. 303]; *Ayling* v. *Kramer,* 133

Mass. 12; Brewster on Conveyancing, sec. 201; Warvell on Vendors, sec. 312.)

For the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Shaw, J., concurred.