[Civ. No. 3282. First Appellate District, Division One.—March 17, 1920.]

## MARIANA BERTOLA, Respondent, v. C. S. ALLRED, Appellant; W. W. KIRBY, Cross-defendant.

[1] VENDOR AND VENDEE — OBJECTIONS TO TITLE — SUFFICIENCY OF SPECIFICATIONS.—Where a letter from the vendee to the vendor is treated by the latter and his agent as a sufficient specification of the vendee's objections to the title, it will be held sufficient as a specification of defects in title.

[2] ID.—SENDING OF NOTICE TO VENDOR—WAIVER OF CONTRACT.—The vendor will be estopped to raise the objection that the vendee sent such letter direct to him, instead of to his agent as provided in the contract of purchase, where such objection was not raised until after institution of suit to recover the deposit paid upon the signing of the contract of purchase.

[3] ID.—KNOWLEDGE OF BUILDING RESTRICTIONS—ASSURANCES OF REMOVAL—RELIANCE ON—WAIVER.—The fact that the vendee knew of the building restrictions upon the premises at the time of the execution of the contract of purchase will not estop her from raising that objection to the title where the vendor and his agent repeatedly assured her that the obnoxious restrictions would be removed, and it was only in consequence of such assurances and in reliance thereon that she was induced to execute the contract for the purchase of the premises.

[4] ID—BUILDING RESTRICTIONS — ENCUMBRANCES UPON · TITLE — RECOVERY OF DEPOSIT.—Restrictions imposed upon the use of premises for other than residential purposes constitute such encumbrances upon the title to real property as will justify a purchaser in seeking a recovery of his partial payment in the event of the refusal or failure of the seller to bring about their removal.

———

4. Right of vendee in contract for the sale of real property to recover payments, note, **L. R. A.** 1918B, 540.

[5] ID.—DIVISION OF DEPOSIT BETWEEN VENDOR AND AGENT—RE-
COVERY FROM VENDOR.—The vendee, having paid to the vendor
through the latter's agent a certain sum as a deposit upon a
contract which both the vendor and his agent failed and refused
to carry into effect, is entitled to recover from the vendor the
whole sum paid by her regardless of any division of said sum
which might have taken place between the vendor and his agent
and with which the vendee had nothing to do.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. E. P. Shortall, Judge.
Affirmed.

The facts are stated in the opinion of the court.

I. M. Peckham for Appellant.

R. Clarence Ogden for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
plaintiff's favor for the sum of five hundred dollars in an
action brought by her to recover from the defendants said
sum for their alleged failure to perform the terms and con-
ditions of a contract for the sale to said plaintiff of certain
real estate.

The cause was tried before a jury, and the facts of the
case upon which the jury rendered their verdict in the plain-
tiff's favor were briefly these:

The plaintiff, being desirous of purchasing a residence in
Ingleside Terrace tract, in the city and county of San Fran-
cisco, saw an advertisement in a paper to the effect that the
defendant, W. W. Kirby, had houses to sell in said tract.
She called upon Kirby, who introduced her to the defendant
Allred as his principal, and together they went to view the
premises. The plaintiff, who was a physician, informed the
defendants that she desired to use the premises if purchased
for her residence and also for an office for the practice of
medicine. She was shown at the time certain building re-
strictions imposed upon the tract at the time of its original
subdivision, which provided "that no building or structure
except a dwelling-house, or appurtenances thereto, designed
to accommodate one family only, or which shall be used ex-
clusively as a dwelling-house, and not more than one such
building upon any one lot, shall at any time be placed upon

the above-described real property," and which further provided "that said real property shall not at any time be used for any purpose other than residential purposes. She inquired whether these building restrictions would be applied to the practice of medicine and was assured by both defendants that they would not. A few days later a written contract for the purchase by the plaintiff of said premises was prepared and presented to her for signature. It called for an initial payment of five hundred dollars, and provided among its several terms that fourteen days from the date thereof were to be allowed the purchaser to examine the title to the property and to report in writing all valid objections thereto to the defendant Kirby, which objections when so reported the defendants were to have ninety days to remove. The defendant Kirby, who acted throughout as the agent of the defendant Allred, was by the terms of the contract expressly authorized to extend the time for the examination of the title and for the making of objections thereto for a period of not to exceed thirty days. Upon reading this contract the plaintiff saw that the word "office" therein had been erased and the word "study" inserted, and upon objection to this change was assured that said change would be sufficient to avoid the restrictions and that everything would be all right. On October 10, 1918, the plaintiff signed said contract, but presently learned that its terms were not sufficient to so effect the restrictions upon the use of the property as to enable her to maintain an office thereon. She had several interviews within the next few days with both of the defendants, who repeatedly assured her that the objections would be removed. On October 23d she was called to attend the defendant Kirby professionally, he being confined to his bed with influenza, and she then talked with him about the removal of the restrictions, and he orally agreed with her that the time for making her objections to the title should be extended in order to enable himself and his principal to accomplish the removal of the restrictions to her use of the property in part for office purposes. She also on the same day saw the defendant Allred, who assured her that the restrictions would be removed. On the following day she wrote to the defendant Allred a letter in which, among other things, she stated that "Our agreement to extend the time of final adjustment, as the

agent Mr. Kirby is ill, will give time to settle the points you spoke of yesterday, namely, the restrictions on office and placing of garage. Have you seen the company about it yet?'' Shortly thereafter the defendants brought to the plaintiff a letter from the "Urban Realty Company,'' which appears to have made the original subdivision of the property and imposed the building restrictions thereon, which letter was to the effect that the maintenance of a doctor's office upon the premises would be in direct conflict with the intent and meaning of the restrictions, which neither the manager nor the board of directors of said company had any power to change. It thus appearing that the restrictions upon the use of the property for other than residential purposes could not be removed, the plaintiff commenced this action for the recovery of the deposit which she had paid upon her signature of the contract for its purchase.

From the judgment which followed in her favor, the defendant Allred prosecutes this appeal.

The first contention of the appellant is that there is no sufficient evidence to support the plaintiff's claim that her objections to the title to the property were presented within the time specified in the contract, and that there was no sufficient or competent evidence that her time to present said objections had ever been extended.

We are of the opinion that this contention is without merit. Almost immediately after the date of the execution of her contract for the purchase of said premises the plaintiff began insisting upon a more specific removal of the restrictions upon her use of the premises for office purposes than would be accomplished by the appellant's attempted evasion of the terms of said restrictions through the insertion of the word "study'' for the word "office'' in the plaintiff's contract. So far as her objections to the title could be made orally and could be made specific she had urged these objections during the ten days immediately following the date of execution of her contract, and during that time the defendants both assured her that they were endeavoring to bring about a removal of her specific objections to the title thus made. On October 24, 1918, within the fourteen days provided for in her contract, the plaintiff wrote to the appellant Allred the letter from which the above excerpt is

taken. While it is true that this letter is somewhat vague and uncertain as a statement standing alone of the plaintiff's objections to the title, it does specifically refer to the two points of objection which had been the subject of frequent oral discussions beween the plaintiff and the defendants during the preceding ten or more days, and this being so, we think it was permissible for the plaintiff to show what the oral conferences between herself and the defendants had been in order to explain whatever uncertainties may appear upon the face of her written communication. [1] The main objection which the defendants urged to the admission of this letter in evidence was that it was insufficient as a specification of defects in title, but we think this objection was not well founded in view of the evidence in the case, which showed that after its receipt the defendants both treated it as a sufficient specification of the plaintiff's objections to the title and continued for some time thereafter their endeavors to have the obnoxious restrictions removed.

[2] The appellant makes the further objection to the introduction of this letter that it was not addressed or sent to the defendant Kirby, the contract having provided that objections to the title were to be reported in writing to him. It is undisputed, however, that Kirby was merely the agent of the appellant Allred in the transaction, and, hence, that any report which was required to be made to him by the wording of the contract would be made to him as such agent only. This being so, the plaintiff's report to the principal directly, instead of to him through the medium of his agent, would amount to a sufficient compliance with the terms of the contract, and as to this also the appellant made no objection until after the institution of the action.

[3] The appellant's next specification of error is based upon his contention that since the plaintiff's own testimony showed that she knew of the building restrictions upon the premises at the time of the execution of her contract to purchase the same, she must be held to have waived her objections to the title upon this ground. This contention might have some merit were it not for the facts, as disclosed by the undisputed evidence, that the plaintiff was continuously and repeatedly assured by both of the defendants that the ob-

noxious restrictions would be removed, and that it was only in consequence of these assurances and in reliance thereon that she was induced to execute the contract for the purchase of the premises. This being so, it may not be contended that the plaintiff waived objections to the title upon which she was thus constantly insisting and was being repeatedly assured would be removed.

[4] The appellant further insists that the trial court was in error in its refusal to give to the jury a set of several instructions requested by the defendants and which were based upon the proposition that the plaintiff's maintenance of an office for the practice of her profession upon the premises would not amount to a violation of the restrictions which had been imposed upon the use of said premises for other than residential purposes. That such restrictions constitute such encumbrances upon the title to real property as will justify a purchaser in seeking a recovery of his partial payment in the event of the refusal or failure of the seller to bring about their removal has been expressly held by the supreme court in the case of *Tandy* v. *Waesch,* 154 Cal. 108, [97 Pac. 69], and by this court in the case of *Whelan* v. *Rossiter,* 1 Cal. App. 701, [82 Pac. 1082], and in view of the law as laid down in these cases the trial court was justified in its refusal to give the defendants' requested instructions.

[5] It is finally urged by the appellant that the amount of the respondent's recovery was excessive in view of the fact, as shown by the evidence, that the defendant Kirby had retained out of the plaintiff's initial payment to him of the sum of five hundred dollars, the amount of his commissions, viz., the sum of $230, and, hence, that the plaintiff's recovery against this appellant should not have been in excess of $270. We think, however, that the plaintiff, having paid to the appellant through his agent the sum of five hundred dollars upon a contract which both the appellant and his agent have failed or refused to carry into effect, would be entitled to a recovery of the whole sum paid by her regardless of any division of said sum which might have taken place between the appellant and his agent Kirby and with which the plaintiff had nothing to do.

It follows that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Gosbey, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 15, 1920, and a peti· tion to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1920.

All the Justices concurred.