[Civ. No. 5331. First Appellate District, Division One.—March 18, 1927.]

## M. ST. KEYNA L. BURDICK, Plaintiff and Appellant, v. CHARLES KERKOVECZ et al., Defendants and Appellants.

[1] VENDOR AND VENDEE—FAILURE OF VENDOR TO FURNISH ABSTRACT OF TITLE—DEFAULT—RIGHT OF VENDEE TO RESCIND.—The failure or refusal of a vendor to perform his part of the contract entitles the purchaser, if not in default, to treat the contract as at an end and to recover any money which he has paid thereunder, the reason therefor being that it would be inequitable to permit a vendor to retain money paid him if he has failed to keep his contract or to furnish the consideration on his part; and where an abstract of title is called for, it is incumbent upon the vendor to furnish the same before he can put the vendee in default; and if he fails to furnish the same, the purchaser has the legal right to disaffirm and insist upon a refund of the part purchase money paid.

[2] QUIETING TITLE — DEFAULT OF VENDOR AND SUCCESSOR IN FURNISHING ABSTRACT — PAYMENT OF PART OF PURCHASE PRICE BY VENDEES—EQUITY—JUDGMENTS.—In an action to quiet title to real property in which defendants asserted an interest by reason of a contract of purchase under which they had paid part of the purchase price to plaintiff's predecessor, where the vendor and his successor in interest (plaintiff) defaulted in the performance of said contract by failing to furnish an abstract of title, the trial court was justified, in the exercise of its equitable powers, in refusing to grant plaintiff a decree in the absolute form prayed for, quieting her title against the claim of defendants accruing under said contract, unless as such successor in interest plaintiff refunded the money previously paid on the purchase price.

[3] ID.—ESCROW—PERFORMANCE BY VENDEES—DEFAULT OF VENDOR—RESCISSION.—In such action, the contention that defendants were. first in default because they declined to sign certain additional escrow instructions requested by a bank cannot be sustained, where the defendants fully complied with the terms of the con-

1. Right of vendee to recover payments made on rescission of contract, note, L. R. A. 1918B, 547. See, also, 25 Cal. Jur. 794; 22 Cal. Jur. 134; 27 R. C. L. 512, 623. Right to rescind or abandon contract because of other party's default, note, 30 L. R. A. 64.

2. Return of payments as condition of cancellation of land contract, note, 35 A. L. R. 274.

3. See 25 Cal. Jur. 716.

tract and with all legal requirements as vendees when they deposited with the bank the full amount of the balance due on the purchase price, accompanied by instructions to pay over said deposit upon delivery of a grant deed in their favor conveying the property in question, together with a certificate of title; and when plaintiff thereafter failed to perform the contract and terminated the escrow, said contract was at an end, entitling defendant to the return of the purchase money paid.

[4] ID.—DEATH OF VENDOR—JUDGMENT—EQUITY.—In such action, the point made by plaintiff, who was the daughter of the original vendor, that in no event could she be made liable for the part payment made on the purchase price because she was not a party to the contract, and as an heir was not liable for the payment of the debts of her deceased father, is without merit, because the decree does not purport to be a money judgment against plaintiff personally, but makes the payment of such sum optional with her, depending upon her desire to obtain the equitable relief she is asking, it being founded upon the proposition that having acquired a title through inheritance which was limited by a decree of distribution and made subject to certain equities created by the written obligation of the one from whom she inherited, she was not entitled to have such title quieted against those equities and thus be given greater rights in the property than were possessed by her predecessor at the time of his death, unless she extinguished said equities; in other words, that she was not allowed to accept and enjoy the full benefits of said inheritance without assuming its burdens.

[5] ID.—FAILURE TO PRESENT CLAIM AGAINST VENDOR'S ESTATE—EFFECT UPON RIGHT TO RETURN OF MONEY.—In such action, the failure of defendants to present a claim against the estate of plaintiff's deceased father for money paid on account of the purchase price did not bar defendant's right to the return of said money, where the default in the performance of the contract did not occur until after her father's death.

[6] ID.—FAILURE TO FURNISH ABSTRACT—FAILURE OF CONSIDERATION RIGHT OF VENDEES TO RETURN OF PURCHASE MONEY—LIENS ON PROPERTY—JUDGMENTS.—In such action, the omission of the vendor and his successor in interest to furnish an abstract of title having constituted a failure of consideration, which entitled defendants to a return of the purchase money paid, the defendants were entitled to have a lien impressed upon the property for the

---

6. Lien of purchaser for money paid on vendor's default, note, 127 **Am. St. Rep.** 873. See, also, 25 **Cal. Jur.** 812; 27 **R. C. L.** 628. Right of vendee under executory contract to lien on land for amount paid thereon where contract is rescinded, notes, 20 **A. L. R.** (N. S.) 175; 45 **A. L. R.** 352.

repayment to them of said purchase money, in the event that plaintiff declined to exercise the option granted by the interlocutory decree to deposit said money in court should she wish to have her title quieted; and a provision to that effect should have been inserted in the interlocutory decree.

---

(1) 39 Cyc., p. 1404, n. 86, p. 2005, n. 58.    (2) 32 Cyc., p. 1383, n. 17.    (3) 21 C. J., p. 872, n. 84.    (4) 18 C. J., p. 947, n. 90. (5) 24 C. J., p. 330, n. 51.    (6) 39 Cyc., p. 2031, n. 77.

APPEALS from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Scarborough & Bowen for Defendants and Appellants.

C. La V. Larzelere for Plaintiff and Appellant.

KNIGHT, J.—Two appeals from a decree in a suit to quiet title are presented herein.

On December 16, 1919, the defendants entered into a written contract with Roland A. Wood-Seys, plaintiff's father, for the purchase and sale of a dwelling situate in the town of Avalon, Santa Catalina Island, for the sum of $3,000 cash, of which sum defendants paid $1,000 at the time the contract was executed, and agreed, as provided in the contract, "to pay the balance of $2,000 not later than the 31st day of December, 1919. *Deed and abstract to be given on full payment.* Possession to be given not later than three days after full payment." (Italics ours.) Five days subsequent to the execution of said contract the vendor died. Shortly afterward plaintiff was appointed administratrix of his estate, and, being sole heir, succeeded to the property in question, subject to the interest acquired therein by defendants under said contract.

The sale to defendants was not consummated, and on January 14, 1921, plaintiff brought this suit to quiet title, the complaint being in the usual form, alleging ownership and possession of the property in plaintiff, and that defendants claimed an adverse title therein which was without right or foundation. Defendants, besides denying plain-

tiff's asserted absolute title, alleged in their answer that
they acquired an interest in said property by reason of said
contract and the payment thereunder of the sum of $1,000;
that the sale was not consummated on account of the default
of the vendor and his successor in interest in that they failed
to furnish the abstract of title as in said contract provided;
that after the death of her father, plaintiff took possession
of said $1,000, has since retained the same for her own use
and benefit, and has refused defendants' demand for the re-
turn thereof to them; defendants therefore prayed that
plaintiff take nothing by her action and that it be adjudged
and decreed that defendants have a lien on said real prop-
erty for the sum of $1,000 and interest from December 16,
1919, the date of payment.

The trial court's findings followed substantially the denials
and allegations of the answer, and thereupon an interlocu-
tory decree was entered, in accordance with the terms of its
conclusions of law, to the effect that "upon the plaintiff de-
positing with the court within ninety days . . . for payment
to defendants the sum of one thousand dollars ($1,000),
together with interest at the rate of 7% per annum from
January 1, 1921, a final decree shall be made and entered
quieting plaintiff's title . . . ," but that upon the failure of
plaintiff to so deposit said sum she should take nothing by
said action.

Both parties to said decree, being dissatisfied therewith,
have appealed, plaintiff contending, among other things, that
the evidence is insufficient to support the finding that failure
to consummate the sale was due to the default of the vendor
and his successor in interest, and defendants claiming that
the court should have given them judgment for the recovery
of the money paid by them or impressed said property with
a lien for the payment thereof.

The evidence upon which the trial court made its finding
to the effect that an abstract of title was never furnished
or tendered as in said contract provided was as follows:
On July 6, 1920, which was prior to the distribution of the
property to plaintiff, she placed in escrow with a Los An-
geles bank a deed signed by her in her individual capacity,
accompanied by instructions to continue the certificate of
title to the property down to the date of the deed, and in
compliance therewith the bank "ordered a search of the

property." During the month following, August, 1920, defendants delivered to said bank a draft for the sum of $2,060, payable to the bank's order, with instructions to pay said sum "upon delivery of grant deed in favor of (defendants) Charles Kerkovecz and Betty Kerkovecz, his wife, covering part of lot 38, block 33, city of Avalon (the property in question), together with certificate of title showing title clear, vested in the new owners." But on November 26, 1920, without having obtained the continuation of the certificate of title, and consequently never having tendered the same, plaintiff terminated the escrow by withdrawing her deed; whereupon, two weeks later, defendants requested the return of their deposit, but the same was not actually refunded until April, 1921. Several weeks after the escrow had been terminated by both parties, plaintiff personally tendered a deed to defendants, but admittedly did not furnish or tender therewith an abstract or a certificate of title. Defendants refused to accept the deed and demanded the return of the initial payment made on the contract. From the foregoing it would appear without dispute that, although plaintiff requested the bank to obtain a continuation of the certificate of title, and that the bank "ordered a search" of the title to the property to be made, no abstract or completed certificate of title was in fact ever obtained, furnished, or tendered.

[1] It is well settled that the failure or refusal of a vendor to perform his part of the contract entitles the purchaser, if not in default, to treat the contract as at an end and to recover any money which he has paid thereunder (*Chatfield* v. *Williams*, 85 Cal. 518 [24 Pac. 839]; *Bertola* v. *Allred*, 46 Cal. App. 593 [189 Pac. 489]), the reason therefor being that it would be inequitable to permit a vendor to retain money paid him if he has failed to keep his contract or to furnish the consideration on his part (*Carter* v. *Fox*, 11 Cal. App. 67 [103 Pac. 910]); and the authorities without conflict further hold that where an abstract of title is called for it is incumbent upon the vendor to furnish the same before he can put the vendee in default; and if he fails to furnish the same, the purchaser has the legal right to disaffirm and insist upon a refund of the part purchase money paid. (*Carter* v. *Fox, supra; Robben* v. *Benson*, 37 Cal. App. 227 [173 Pac. 766]; *Howe* v. *Hutchinson*, 105 Ill.

501; *Kane* v. *Rippy,* 24 Or. 338 [33 Pac. 936]; *Horn* v. *Butler,* 139 Minn. 515 [40 N. W. 833]; *Matheson* v. *C-B Live Stock Co.* (Tex. Civ. App.), 176 S. W. 734; Maupin on Marketable Titles, p. 169.)

[2] Therefore, in the instant case, since the vendor and his successor in interest defaulted in the performance of the contract by failing to furnish said abstract, the trial court was justified, in the exercise of its equitable powers, in refusing to grant plaintiff a decree in the absolute form prayed for, quieting her title against the claim of defendants accruing under said contract, unless as such successor in interest plaintiff refunded the money previously paid on the purchase price. (*Chandler* v. *Chandler,* 55 Cal. 267; *Benson* v. *Shotwell,* 87 Cal. 49 [25 Pac. 249, 681].)

[3] Plaintiff contends, however, that defendants were first in default because they declined to sign certain additional escrow instructions requested by the bank. The import of those additional instructions is not made clear by the record, but regardless thereof there can be no force in plaintiff's contention, for the reason that defendants fully complied with the terms of the contract and with all legal requirements as vendees when they deposited with the bank the full amount of the balance due on the purchase price, accompanied by the plain and definite instructions hereinabove quoted, to pay over said deposit upon delivery of a grant deed in their favor conveying the property in question, together with a certificate of title; and when plaintiff thereafter failed to perform the contract and terminated the escrow, said contract was at an end, entitling defendants to the return of the purchase money paid (*Glock* v. *Howard etc. Co.,* 123 Cal. 10 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Robben* v. *Benson, supra*).

[4] Further contention is made by plaintiff that in no event may she be held liable for the payment of said sum of $1,000 because she was not a party to the contract, and as an heir is not liable for the payment of the debts of her deceased father. The point is without merit, because the decree does not purport to be a money judgment against plaintiff personally, It merely makes the payment of said sum optional with her, depending upon her desire to obtain the equitable relief she is asking, and is founded upon the proposition that having acquired a title through inheritance

which was limited by the decree of distribution and made subject to certain equities created by the written obligation of the one from whom she inherited, she was not entitled to have such title quieted against those equities and thus be given greater rights in the property than were possessed by her predecessor at the time of his death, unless she extinguished said equities; in other words, that she was not allowed to accept and enjoy the full benefits of said inheritance without assuming its burdens. (Civ. Codes, secs. 1581, 3521; *Matthews* v. *Wilson,* 38 Cal. App. 148 [175 Pac. 647].)

[5] Plaintiff contends also that defendants' right to the return of said money is barred because they failed to present a claim therefor against the estate of her deceased father. The default in the performance of the contract did not occur, however, until after her father's death, from which it follows that defendants had no valid claim against his estate. The other points urged in support of plaintiff's appeal either relate to immaterial matters or do not possess sufficient merit to require discussion.

[6] As to defendants' appeal, section 3050 of the Civil Code reads as follows: "One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of a failure of consideration." The omission of the vendor and his successor in interest to furnish an abstract of title doubtless constituted a failure of consideration (*Benson* v. *Shotwell, supra*), which entitled defendants to a return of the purchase money paid (*Glock* v. *Howard etc. Co., supra; Robben* v. *Benson, supra*). We therefore believe that under the code section quoted defendants were entitled to have a lien impressed upon the property for the repayment to them of said purchase money, in the event that plaintiff declined to exercise the option granted by the interlocutory decree to deposit said money in court, and that a provision to that effect should have been inserted in the interlocutory decree. In the absence of such provision, the form of final decree to be rendered upon plaintiff's declining to deposit said money in court will obviously afford defendants no relief whatever, for it will decree merely that plaintiff take nothing by her action, thereby leaving the parties where it found them at

the commencement of the litigation, and effectually denying to defendants the right to the return of said purchase money.

It is therefore ordered that the decree appealed from be corrected so as to provide therein that in the event of the failure of plaintiff to deposit said money in court defendants have a lien upon said property therefor, in accordance with said code section and the views herein expressed; and as corrected said decree will stand affirmed, defendants to recover their costs.

Tyler, P. J., and Cashin, J., concurred.