[L. A. No. 9071. Department One.—August 13, 1928.]

CATHERINE HARTZELL, Respondent, v. C. O. DOOLITTLE, Appellant.

George B. Toland for Appellant.

Lucas F. Smith for Respondent.

CURTIS, J.—This appeal is from a judgment in favor of plaintiff and against defendants. The defendant Doolittle alone has appealed, and filed a brief in support of his contention that the judgment is erroneous. No appearance herein has been made by the respondent, and we have not been favored by any brief or points and authorities in her behalf.

The sole contention of appellant is that the evidence is not sufficient to support the findings. Appellant makes a number of assignments as to the insufficiency of the evidence to support the findings. The first of these is that there is no evidence that "the real property was not of the reasonable value of the price paid by respondent." Under representations made by the appellant to the respondent regarding certain real property, the respondent decided to purchase the same, and there was executed and delivered to her an assignment of a certain writing which she was informed was an agreement of sale of said real property. What she in fact received for the money paid out by her under the representations of appellant was an agreement of sale made by one Barlow to Mrs. E. H. Tomlinson. This agreement had been assigned by Mrs. Tomlinson, and

through various subsequent assignments became the property of S. H. Roberts, from whom the respondent, under the advice of appellant, purchased the same, and received from said Roberts and wife a written assignment of said agreement. The property described therein was described as real property situated in the county of Los Angeles, state of California, and particularly described as "Lot 51 as of the map hereto attached and made a part of this agreement." It appears that this map had never been filed for record in the office of the county recorder of said county, and that said agreement further provided that the agreement itself should never be filed for record, and in case it was so filed it should become null and void. By an act of the legislature of this state it is provided that no person shall sell or offer for sale any lot or parcel of land by reference to any map or plat unless the map or plat has been filed for record in the office of the county recorder of the county in which the land is situated, and that any violation of the provisions of said act is made a misdemeanor (Stats. 1907, p. 290, and amendments thereto). The effect of the provisions of this act upon the agreement assigned to respondent was to render said agreement unenforceable and void (*Smith* v. *Bach,* 183 Cal. 259, 262 [191 Pac. 14] ; *Wallace* v. *Zinman,* 200 Cal. 585, 588 [254 Pac. 946]). The agreement, therefore, contained no legal description of any real property. More than that, it was void. The value, therefore, of the real property which appellant assumes was described therein becomes of no consequence, as the respondent acquired no interest therein by the agreement assigned to her, and which she purchased upon the advice and representations of the appellant.

The contention of appellant that the evidence does not show that appellant acted as agent for respondent is so lacking in merit that we deem it unnecessary to further discuss it. Almost the same statement might be made regarding appellant's claim that there is no evidence to show "respondent unacquainted with Los Angeles and without business experience." It was shown that respondent was a resident of San Francisco. She had made two visits to Los Angeles prior to her last visit there, on the occasion of which she made the supposed investment in said real property. One of these visits was eighteen years before her third visit, when she remained about two months. Her second visit was

twelve years before her last visit. She remained, on the occasion of this visit, two years, when she returned to San Francisco. There was, therefore, an interval of ten years between her second and third visit. She was in Los Angeles only from February to June, 1923, when she met appellant, and the purchase of the contract from Roberts followed a few days thereafter. This evidence, we think, is sufficient to support the court's finding that respondent was unacquainted with Los Angeles. The evidence further shows that respondent had been, for some time previous to her third visit to Los Angeles, in the employ of the government as disbursing clerk in the quartermaster's department and in the treasury department at San Francisco, and at the time of the trial was employed as a stenographer with the Defense League. Outside of a few investments made by respondent, through banks in San Francisco, in various stocks, some of which she sold at a loss, the evidence shows that respondent was without business experience.

As to the contention of appellant that there was no misrepresentation by him as to the location of the property in which respondent is supposed to have purchased an interest, appellant concedes that respondent testified that appellant told her that it was "on a main highway, or a short cut, from Pasadena to Long Beach," but that her testimony was disputed by appellant. The evidence shows that the property was not located as represented by appellant to respondent. The latter's evidence is, therefore, sufficient to support the finding as to misrepresentation made by the appellant regarding the location of the property.

Finally, appellant contends that the evidence does not show that appellant acted in bad faith in reference to the contract. We think the evidence is sufficient to support the findings in this respect. Appellant was a licensed real estate agent and held himself out as qualified to advise prospective purchasers of real estate, and expressly so represented himself to respondent. Upon his first meeting with respondent he designedly or otherwise impressed the respondent with confidence in his ability to make investments which would result profitably to those who entered into them through his advice. After a brief acquaintance the respondent met appellant at the latter's office in the city of Long Beach. On the occasion of this visit appellant told respondent that he

had the best buy that he had ever come into his office, ''and if they had the money they would go right out and get it themselves.'' Upon inspecting what was supposed to be the property which respondent was to purchase, she desired to wait and consult her friends in San Francisco about the investment, but appellant persuaded her to act at once, telling her, ''It will probably be gone before morning. You can't let anything like this wait. You have to put down some money to hold it.'' As a result of these importunities by appellant respondent was induced to make a payment on the same day on account of the purchase price of said real property, and in a few days thereafter consummated the transaction by paying to Mr. Roberts a sum of money in the neighborhood of $1,420, and received from him the assignment of the agreement of sale, which, as we have already seen, was illegal and without any value. Respondent had informed appellant that she knew absolutely nothing about real estate and would have to leave the whole matter to his judgment. Appellant received a commission of $150 from Roberts for making the sale, but did not inform respondent that he was acting as the agent of Roberts. We think, on the whole, that there is sufficient evidence to support the finding that appellant did not act in good faith toward respondent in his dealings with her in this transaction. He knew respondent relied solely upon him in this entire matter, and he owed her a duty to see that she secured a reasonably safe and legal investment. As we have already seen, the court found that the appellant had falsely represented to respondent that the property which respondent supposed she was purchasing was situated on a main highway from Pasadena to Long Beach. This alone was sufficient to indicate bad faith on the part of appellant toward respondent.

Other assignments as to the insufficiency of the evidence are made by appellant, but they either go to immaterial issues or they are without merit.

Judgment affirmed.

Seawell, J., and Preston, J., concurred.