[Civ. No. 4942. Third Appellate District.—February 21, 1934.]

EDWARD KING, Respondent, v. STUBBS COMPANY, LTD. (a Corporation), Appellant.

Marshall Rutherford for Appellant.

Lovett K. Fraser for Respondent.

THOMPSON, J.—The plaintiff recovered judgment in this suit in *assumpsit* for the return of $500 paid to the defendant under the terms of a written contract as part of the purchase price for three lots. The contract referred to the subdivision of the tract in which the lots are situated by reference to an unrecorded map. From this judgment the defendant Stubbs Company, Ltd., has appealed.

In consideration of the payment of $500, the defendant Stubbs Company, Ltd., successor to the Stubbs Songey Co., by its agent Martha Salkeld, executed a written contract with the plaintiff July 6, 1931, agreeing to sell plaintiff lots Nos. 27, 28 and 29 in subdivision 7 of Clear Lake Oaks, in Lake County, California, "as shown upon official map thereof". The balance of the purchase price was to be paid in monthly installments of $30, with a provision for seven per cent interest on all deferred payments. Notice of rescission of the contract was served upon the defendant during the week following the execution thereof. This suit in *assumpsit* was brought January 2, 1932, on the ground that the contract is void under the provisions of section 3 of the act of the legislature with relation to the recording of maps of subdivisions of land, which act was adopted June 17, 1929. (Stats. 1929, p. 1790; Act 4578, vol. 2, Deering's Gen. Laws.) The cause was tried by the court sitting without a jury. The court adopted findings favorable to the plaintiff upon every material issue in the case, including the fact that the contract for sale of the lots which was executed by the defendant, described the lots by reference to an unrecorded map. Judgment was rendered accordingly to the effect that the contract is void and for a return to plaintiff of the purchase price paid thereunder. From that judgment the defendant Stubbs Company, Ltd., has appealed.

It is settled law in California that a contract to sell lots belonging to a subdivision by reference to an unrecorded map, contrary to the provisions of the statute, is void. (Stats. 1929, p. 1790; Act 4578, vol. 2, Deering's Gen. Laws; *Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14]; *White* v. *Jacobs,* 204 Cal. 334 [267 Pac. 1087]; *Hartzell* v. *Doolittle,* 205 Cal. 17 [269 Pac. 527]; *Krause* v. *Marine Trust & S. Bank,* 93

Cal. App. 681 [270 Pac. 246]; *Letteau* v. *Dumas,* 99 Cal. App. 230 [278 Pac. 459].)

The appellant insists that in the present case the lots were not sold by means of a contract only which referred to an unrecorded map, but that the lots were sold through the agent by actually pointing out the lots in the position which they occupied on the ground. The evidence is conflicting in that regard, but in support of the findings of the court and the judgment, it appears that the plaintiff testified that the agent identified the lots which he agreed to purchase as they appeared "on a map, that is all I know. I don't know where the lots are, I have never been on them, and I have never been shown where the lots are". It therefore satisfactorily appears that the lots were not sold by pointing them out "on the ground", as contended, but upon the contrary they were sold by reference solely to an unrecorded map.

It follows that since the contract for sale of lots was void under the provisions of the statute above referred to, the money paid on the purchase price thereof was without consideration, and the vendee is entitled to recover the money paid thereon, in an action in *assumpsit.* (*Pollak* v. *Staunton,* 210 Cal. 656, 662 [293 Pac. 26]; *Harwell* v. *Reiniger,* 123 Cal. App. 485 [11 Pac. (2d) 421].)

For the reason that the plaintiff promptly rescinded the alleged contract on the ground that it is void, the defendant did not execute and deliver to him the final formal contract of sale according to agreement. It does appear contrary to the requirement to furnish the purchaser a good and merchantable title, that this formal contract which it was accustomed to execute upon similar sales contains the following restriction: "That no person shall rent, use, or occupy said property or any part thereof except one who is exclusively of the Caucasian race." It has been held that such restrictions, contrary to an agreement to furnish good title free of encumbrance, constitute a cloud upon the title warranting the vendee in maintaining a suit to recover the money paid upon the purchase price thereof. (*Tandy* v. *Waesch,* 154 Cal. 108 [97 Pac. 69, 70]; *Bertola* v. *Allred,* 46 Cal. App. 593 [189 Pac. 489]; *Whelan* v. *Rossiter,* 1 Cal. App. 701 [82 Pac. 1082].) In the Tandy case, *supra,* it is said in that regard: "The restrictions, reservations, and

covenants constituted encumbrances upon the title of the defendant, which, not being removed, justified plaintiff in seeking a recovery of his partial payment under defendant's contract to convey to him a title 'free and clear of all encumbrances'. Indeed, this proposition is not seriously disputed, but if it were it finds abundant support.''

Since the formal contract of sale in the present case, which contains the foregoing restriction, was not actually executed and delivered to the plaintiff, it may not necessarily be assumed the defendant would have attempted to enforce upon the plaintiff that particular restriction. It is therefore unnecessary to determine in this case the effect of such restriction.

It is also unnecessary to determine the effect of the subsequent filing of another map of said tract of land, in which the lots in question appear to be four feet narrower than those which appeared upon the unrecorded map pursuant to which the contract was actually executed.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.