[Civ. No. 731.  Second Appellate District.—January 5, 1910.]

## MATTHEW BAINES, Appellant, v. E. S. SHANK, Respondent.

APPEAL—ALTERNATIVE METHOD—TRANSCRIPT OF EVIDENCE—SUPPORT OF FINDINGS.—In this case the transcript upon appeal was prepared and filed under the alternative method, and embodied all of the evidence, which evidence is sufficient to justify all the findings made by the court. It is unnecessary to consider the objection that there are no specifications of particulars in this regard.

VENDOR AND PURCHASER—ACTION TO RECOVER PURCHASE MONEY PAID —VOID SALE BY UNRECORDED MAP—FINDING AND EVIDENCE TO CONTRARY.—Where a purchaser's cause of action to recover back purchase money paid upon a contract of sale of a tract of land is based upon the theory that a sale of lots according to an unrecorded map in violation of the act of March 15, 1907 [Stats. 1907, p. 290], is void as between the parties—although similar statutes in other states have been construed to the contrary—it is unnecessary to decide that question, where the court finds upon sufficient evidence that the sale was not made with reference to such a map, but was made after a visit to the land purchased, and an inspection of its exterior boundaries according to location stakes marking the same, and that a deed was tendered according to such metes and bounds.

ID.—CONSTRUCTION OF STATUTE.—The statute upon which the plaintiff relies prohibiting sales or contracts for the sale of lands by reference to an unrecorded map can only be construed as intended to include sales wherein the property was designated as being delineated upon such a map, to which express reference was made in the contract of purchase.

ID.—USE OF PRELIMINARY SURVEY—BLUE-PRINT—MAP NOT IN EXISTENCE.—Where the lots sold were staked upon the ground according to a preliminary survey thereof, and a blue-print thereof was made, showing the number of the lots, which was known to both parties not to have been intended as a map, and that no map was intended to be made and recorded, until certain rights of way were secured, there was no violation of the statute.

ID.—ABSENCE OF EVIDENCE FOR PLAINTIFF—PROPER FINDINGS FOR DEFENDANT.—Where, upon other causes of action alleged in the complaint, no evidence in support thereof appears in the record, the court properly found thereon in favor of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Hugh J. Crawford, for Appellant.

John W. Shenk, and E. R. Young, for Respondent.

ALLEN, P. J.—Appellant by his complaint, which contained three counts, alleged in the first the purchase by him of a certain one hundred-acre tract of land from defendant, upon the purchase of which he had paid $2,500; that the contract of purchase was evidenced by a receipt which upon its face stated that the money was received as "part and first payment on one hundred acres of land at Delhi, Merced Co., Cal., being lots 19, 20, 22," etc., "of sec. 8, Twp. 6 S., R. 11 E., M. D. B. & M., price $5,000; balance to be secured by two notes and mortgage, payable in equal installments and due on or before two and three years, at 7% interest; interest payable semi-annually." That the lots designated were subdivisions delineated upon a map made under defendant's supervision, and with reference to which map the purchase was made; that such map was not recorded at the date of such alleged purchase and payment of money: that plaintiff ascertained after such contract was made the non-recordation of said map. In his second cause of action, after alleging the contract and purchase, plaintiff alleges that the sum of $2,500 was deposited with defendant to be returned if a good and sufficient deed were not delivered within a few days; that plaintiff has always been ready and willing to perform his part of the agreement; that he has demanded performance upon the part of defendant and defendant has made default in the delivery of such deed. By the third cause of action, after setting forth the contract and purchase, plaintiff alleges that the same was procured by fraud, in that defendant represented the land had sufficient water for irrigation, when in truth and in fact it had none; and he seeks by this action to recover the $2,500 paid, with interest thereon from the time of payment.

The answer of defendant denied all of the allegations of the complaint material in stating the cause of action, and upon the trial the court found in favor of defendant upon all of the issues and rendered judgment accordingly, from which plaintiff appeals.

It is appellant's contention upon this appeal that the evidence is insufficient to support the findings. The transcript,

prepared and filed under what is known as the alternative method of appeal, does not disclose any specifications of error, or specifications wherein any particular finding is unsupported; but, without reference to this claimed defect, an examination of the transcript of the stenographic notes of the testimony develops that there is testimony in the record tending to support each and every finding of the court.

The first cause of action is based upon the theory that a sale of any lot of a subdivision made in violation of the act of March 15, 1907 (Stats. 1907, p. 290), renders the sale void. This law has never received a construction by the supreme court of this state upon the point here involved, but a similar statute in various other states has received a construction by the supreme courts of those states, in which it has been uniformly held that the omission to record the map of a subdivision does not render the sale void as between the parties. It is unnecessary for us, as it was unnecessary for the supreme court of this state in *Bentley* v. *Hurlburt*, 153 Cal. 796, [96 Pac. 890], to determine this precise question. The court finds here that it was not true, at the time said contract was entered into, nor at any other time, that defendant represented or pretended to plaintiff that said map had been recorded; that defendant did not at any time represent or pretend to plaintiff that said map was a full, true and complete map of the lands described in said complaint as required by law; that plaintiff knew at the time of the purchase that the map had not been recorded. The effect of this finding can only be that the court found that the sale was not made with reference to the map. There is no specific reference to the map in the written contract, and there is evidence to show that this map played no part in the transaction and was not relied upon by either party, but, on the contrary, that the purchase was made after a visit to the land and an inspection and examination as to its exterior boundaries and the location stakes marking the same. The statute upon which plaintiff relies prohibits the sale or offering by reference to maps, which can only be construed as intending to include sales wherein the property was designated as being delineated upon a certain map to which reference was made in the contract. There is ample evidence in the record to sustain the finding of the court that plaintiff

had full knowledge of the fact that a certain blue-print, upon which was delineated the numbered lots mentioned in the contract, and which was shown him before the purchase, was not and did not purport to be a copy of any recorded map, nor of any map actually prepared or intended for use, but was in fact a preliminary survey, and that the recordation of a map of said subdivision was not intended to be made until after certain rights of way for road purposes had been adjusted between defendant and adjoining proprietors. It is in evidence, and the court finds, that the reason why the execution of the deed to plaintiff was deferred was by reason of an agreement that the same should be deferred until such time as the rights of way should be secured, to the end that a map might be recorded which would correctly delineate the lots of the tract. It is in evidence that defendant offered to convey by metes and by bounds, so as to include the actual premises sold.

There is no evidence in the record tending to support the second and third causes of action, and the court properly found against plaintiff upon all of these matters.

The judgment has support from the findings and the evidence is sufficient as a basis for each finding. We find no prejudicial error in the record, and the judgment is therefore affirmed.

Shaw, J., and Taggart, J., concurred.