[Civ. No. 1721. Second Appellate District.—March 3, 1916.]

EARL B. KING, Appellant, v. W. R. JOHNSON et al., Respondents.

SALE OF REAL PROPERTY—FAILURE TO COMPLY WITH ACT OF MARCH 15, 1907—REFERENCE TO UNRECORDED MAP.—Under the act of March 15, 1907 (Stats. 1907, p. 290), and amendments thereto, not only is the selling *or offering for sale* of lots of land in contravention of the provisions of this statute, by reference to an unrecorded map or plat, expressly prohibited, but the act makes it a misdemeanor so to do.

ID.—SALE BY AGENT—ILLEGAL TRANSACTION—ACTION FOR COMPENSATION.—An agent, for the sale of land subdivided into lots, who offers the lots for sale with the full knowledge that the provisions of the act of March 15, 1907 (Stats. 1907, p. 290), requiring the filing of a map or plat of the subdivision, have not been complied with, cannot maintain a suit for his compensation, as the consideration for the contract is an illegal act.

ID.—CONTRACT—ILLEGAL CONSIDERATION.—A contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction *malum in se,* or which is prohibited by statute on the ground of public policy.

ID.—ILLEGAL TRANSACTION—EVIDENCE.—Where the complaint in an action discloses the illegal transaction upon which plaintiff founds his right to recover, no evidence is admissible in support of the alleged cause of action.

ID.—PURPOSE OF STATUTE—RIGHTS OF INDIVIDUALS.—The statute of March 15, 1907 (Stats. 1907, p. 290), was enacted, not as a revenue measure, but as a declaration of the public policy of the state.

Being in the interest of the public, in applying it, matters of private justice between individuals cannot be considered.

ID.—ACTION BY BROKER—RIGHTS OF VENDEES.—The contention that the act of March 15,.1907 (Stats. 1907, p. 290), is intended for the benefit of vendees only, and should not be construed as affecting the right of a broker to recover for services rendered in selling lots in a subdivision by reference to an unrecorded map thereof, cannot be maintained.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis C. Legerton, Judge.

The facts are stated in the opinion of the court.

Gilbert F. Wyvell, for Appellant.

Phil M. Chandler, for Respondents.

SHAW, J.—Action to recover commissions for the sale of real estate.

As disclosed by the record, it is difficult to understand the procedure adopted by the trial court in disposing of the case. It seems to be conceded by counsel, however, that its effect was to sustain, without leave to amend, a general demurrer to the complaint, which ruling was followed by a judgment for defendants, from which, and an order denying his motion for a new trial, plaintiff appeals.

While the complaint is most awkwardly drawn, it fairly appears therefrom that the defendants were the owners of a tract of land situated in lot 2, block 21, in the town of Lancaster; that on October 25, 1913, plaintiff and defendants agreed there should be made a subdivision of the parcel of land into forty-six lots, which subdivision they designated "The Umbrella Tract." No map or plat thereof was filed, nor any attempt ever made to comply with the provisions of the act of March 15, 1907 (Stats. 1907, p. 290), and amendments thereto; nor did defendants ever agree to file a map or plat thereof. At the same time, defendants made a written contract with plaintiff, whereby they constituted him their exclusive agent for a period of one year to sell said lots so described as being in the Umbrella tract, as per schedule of prices agreed upon. Thereupon plaintiff, with full knowl-

edge of the fact that no attempt had been made to comply with the provisions of the statute, nevertheless proceeded to offer for sale, and, as alleged, did sell fourteen of said lots by reference to a purported but unrecorded map, to responsible persons who were at all times ready, willing, and able to comply with the terms and conditions of purchase which were agreed upon between them and defendants, which sales were made "subject to the recording by defendants of an accurate map or plat of said tract, with the county recorder of Los Angeles county, wherein said tract is situated"; that defendants neglected to record any map or plat of said tract, by reason of which fact the sales so made by plaintiff were never consummated.

Section 8 of the act referred to provides that "no person shall sell or offer for sale any lot or parcel of land, by reference to any map or plat, unless such map or plat has been made, certified, indorsed, acknowledged and filed in all respects as provided in this act, . . . " And section 9 provides that "every person who violates any of the provisions of this act is guilty of a misdemeanor," the penalty for which is fixed at both a fine and imprisonment. It thus appears that not only is the selling *or offering for sale* of lots in contravention of the provisions of the statute expressly prohibited, but section 9 attaches a penalty to every violation thereof. It would seem clear that, in the absence of a compliance with the statute, it was a violation of law for defendants to even *offer* the lots for sale; and, if this be true, it was likewise a violation of law for plaintiff, as their agent, to offer them for sale, thus joining with his principals in a known illegal act for the doing of which he asks compensation. He is then seeking to recover for services the performance of which was prohibited by law; hence the sole consideration for the contract upon which he bases his claim was the doing of known illegal acts. In *Swanger* v. *Mayberry*, 59 Cal. 91, it is said: "The general principle is well established that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction *malum in se*, or which is prohibited by statute, on the ground of public policy." The complaint discloses the illegal transaction upon which plaintiff founds his right to recover, and

this being true, no evidence was admissible in support of the alleged cause of action. The statute was enacted, not as a revenue measure, but as a declaration of the public policy of the state. Being in the interest of the public, we cannot, in applying it, consider matters of private justice between individuals; for "the rights of the public are superior to any such private considerations, and the public's right is that the fountains of justice shall remain unpolluted; that no court shall lend its aid to a man who grounds his action upon an . . . illegal act." (*Berka* v. *Woodward*, 125 Cal. 119, [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777], and cases there cited.)

Appellant insists that the statute is intended for the benefit of vendees only, and should not be construed as affecting the right of a broker to recover for services rendered in selling lots in a subdivision by reference to an unrecorded map thereof. It is unnecessary to determine the right of a vendee, since such right is not involved. Cases cited from other jurisdictions are based upon statutes which the courts, for different reasons, construed as not prohibiting the sale, while the statute under consideration, in express terms, prohibits the doing of the act for which it is sought to recover. No purpose could be subserved in reviewing such cases here.

The judgment and order are affirmed.

Conrey, P. J., and James J., concurred.