[L. A. No. 5121. In Bank.—June 24, 1920.]

CLARA L. SMITH et al., Appellants, v. GEO. J. BACH et al., Respondents.

[1] STATUTORY CONSTRUCTION — VALIDITY OF CONTRACT — INTENT OF LEGISLATURE—CONSIDERATION OF ENTIRE STATUTE.—For the purpose of ascertaining the legislative intent courts should consider the entire statute, and if from such consideration it is manifest that the legislature had no intention of declaring a contract void, it should be sustained and enforced, otherwise it should be adjudged void.

[2] VENDOR AND VENDEE—SALE OF LAND BY REFERENCE TO UNRECORDED MAP—VOID CONTRACT.—The act of the legislature of March 15,

2. Validity of contracts in business which it is a misdemeanor to transact, note, 12 L. R. A. (N. S.) 575.

1907 (Stats. 1907, p. 290), which not only expressly prohibits the selling or offering for sale of land by reference to an unrecorded map, but which imposes a penalty for doing so, is not a revenue measure, but an act passed for the protection of the public, and a contract made in violation of its terms is void.

[3] STATUTORY CONSTRUCTION—PROHIBITED ACTS—PENALTY.—Where a statute prohibits or attaches a penalty to the doing of an act, the act is void, notwithstanding the statute does not expressly pronounce it so, and it is immaterial whether the thing forbidden is *malum in se* or merely *malum prohibitum.*

[4] VENDOR AND VENDEE—CONTRACT IN VIOLATION OF ACT OF 1907—RECOVERY OF PAYMENTS—RIGHT OF VENDEE.—A vendee under a contract of sale made in violation of the act of March 15, 1907, prohibiting the selling of lots by reference to an unrecorded map, may recover the money paid on the contract.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

F. G. Blood and Crouch & Chambers for Appellants.

Sweet, Stearns & Forward and C. C. Pease for Respondents.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal for the first appellate district while acting as justice *pro tempore* in this court in place of Mr. Justice Melvin. It is adopted as the opinion of this court.

THE COURT.—This action is one in *assumpsit* for money had and received.

The case grows out of a contract relating to the sale of certain tracts of land in a subdivision situated in San Diego County. Plaintiffs paid defendant a part of the purchase price under the terms of the contract of sale, and they seek by this action to recover the same upon the ground that the contract relating to the sale is void. The claimed invalidity is based upon the admitted fact that the sales were made in violation of the act of March 15, 1907 (Stats. 1907, p. 290), making it unlawful to sell or offer for sale land by reference to an unrecorded map. At the conclusion

of plaintiff's case the trial court granted a nonsuit and from the judgment and the order denying a new trial plaintiffs appeal. The main question here presented is whether or not such a contract is void so as to prevent any right of action being based thereon.

By the terms of the statute in question not only is the selling or offering for sale of lots of land by reference to an unrecorded map or plat expressly prohibited, but the act makes it a misdemeanor so to do, the penalty for which is fixed at both a fine and imprisonment. This precise question has been presented to the appellate courts of this state in three different cases, in none of which, however, has the rights of a vendee thereunder been passed upon. (See *Bentley* v. *Hurlburt,* 153 Cal. 796, [96 Pac. 890]; *Baines* v. *Shank,* 12 Cal. App. 391, [107 Pac. 631]; *King* v. *Johnson,* 30 Cal. App. 63, [157 Pac. 531]; *Shultz* v. *Redondo Imp. Co.,* 156 Cal. 439, 440, [105 Pac. 118].) In the Bentley case this court found it unnecessary to pass upon the validity of the contract for the reason that the evidence showed that the statute had been substantially complied with. In *Baines* v. *Shank, supra,* the district court of appeal also found it unnecessary to consider the question, the case being disposed of upon a different point. The only case, therefore, where the question has received consideration in this state is *King* v. *Johnson, supra,* which is hereinafter referred to.

Many of our sister states have adopted laws of a similar character. These statutes differ in terms, some containing no express prohibitory words, but recognizing that the act may be done subject to a fine for its disregard, while others analogous to our own, contain an express prohibition and a penalty for violation. The decisions of the courts of these various jurisdictions construing these statutes to determine the legislative intent are not harmonious. (See 39 Cyc. 1215; 13 Corpus Juris, p. 410 et seq.) An extensive review of these numerous cases would answer no useful purpose.

Frequently, as here, a statute imposes a penalty on the doing of an act without expressly declaring such act illegal and void. Applying the doctrine *"Expressio unius est exclusio alterius"* some of the courts have held that the legislature having fixed the penalty for the execution of the contract,

courts cannot impose another, invalidating the agreement. (See 39 Cyc. 1215.) In cases announcing this doctrine a distinction is usually made between acts *malum in se,* which are generally regarded as void, and those which are *mala prohibitum.*.

. On the authority of these cases respondent, in effect, contends, in support of the judgment, that the statute imposing specific penalties for its violation and the act condemned not being *malum in se,* that the purpose of the act can be accomplished without declaring contracts made in violation thereof illegal, and that the inference is that it was not the intention of the legislature to render them illegal, or it would have so declared in unequivocal terms.

The decisions supporting the doctrine invoked are in the main based upon revenue statutes which simply impose a fine or penalty, the amount of which is definitely fixed as distinguished from those, as here, which prohibit and declare the violation of the act a misdemeanor punishable by fine and imprisonment.

[1] For the purpose of ascertaining the legislative intent courts should consider the entire statute, and if from such consideration it is manifest that the legislature had no intention of declaring a contract void, they should be sustained and enforced, otherwise they should be adjudged void. (*Dunlop* v. *Mercer,* 156 Fed. 548, [86 C. C. A. 435].) [2] Here it is manifest from a reading of the entire act that the statute in question was passed for the protection of the public and not as a revenue measure. (*King* v. *Johnson,* 30 Cal. App. 63, [157 Pac. 531].) In such a case a contract made in violation of its terms should be held to be void. (*Levinson* v. *Boas,* 150 Cal. 193, [11 Ann. Cas. 661, 12 L. R. A. (N. S.) 575, 88 Pac. 825]; *Pangborn* v. *Westlake,* 36 Iowa, 548.) [3] The general rule controlling in cases of this character is that where a statute prohibits or attaches a penalty to the doing of an act, the act is void, and this, notwithstanding that the statute does not expressly pronounce it so, and it is immaterial whether the thing forbidden is *malum in se* or merely *malum prohibitum.* A statute of this character prohibiting the making of contracts, except in a certain manner, *ipso facto* makes them void if made in any other way. (13 Cyc. 351; 13 Corpus Juris, p. 410.) The imposition by statute of a

penalty implies a prohibition of the act to which the penalty is attached, and a contract founded upon such act is void. This general rule finds support in the decisions of this state. (*Berka* v. *Woodward,* 125 Cal. 127, [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777], and cases cited; *Bentley* v. *Hurlburt, supra.*)

It is true, as stated by Mr. Justice Sloss in *Bentley* v. *Hurlburt,* that cases may be found holding a contrary doctrine, but an examination of those cases will, as hereinbefore stated, show that the statutes upon which they are based, generally do not prohibit, but merely impose, a fine as an exclusive punishment.

This identical statute was construed in *King* v. *Johnson, supra,* where the general rule above stated was applied. It is there said that ''cases from other jurisdictions are based upon statutes which the court for different reasons construed as not prohibiting the sale, while the statute under consideration in express terms, prohibits the doing of the act.''

Concluding, as we do, that the contract in question is void, it only remains to determine the rights of plaintiffs to recover in this action.

There are authorities which, while not denying the general rule that an illegal contract cannot be enforced whether *malum in se* or *malum prohibitum,* hold that all the consequences which attend a contract contrary to public morals do not attend one which is purely *malum prohibitum,* and that in the latter case courts will take notice of the circumstances and will give relief if justice and equity require a restoration of money received by either party thereunder. (13 Corpus Juris, p. 411, sec. 341.) In such a case the complaining party is protected, the prohibition being for his benefit, and not being in *pari delicto* he is entitled to relief. (Id., p. 501, sec. 443.) [4] By the weight of authority where money has been paid in consideration of an executory contract which is illegal, the party who has paid it may repudiate the agreement at any time before it is executed and reclaim the money. In such a case it is the duty of the court in furtherance of justice to aid one not in *pari delicto,* though to some extent involved in the illegality, but who, as here, is comparatively the more innocent, and to permit him to recover back

money paid on a contract as the circumstances of the case may require. (Pomeroy's Equity Jurisprudence, 3d ed., sec. 942; *Gray* v. *Roberts*, 2 A. K. Marsh. (Ky.) 208, [12 Am. Dec. 385]; *Wassermann* v. *Sloss*, 117 Cal. 431, [59 Am. St. Rep. 209, 38 L. R. A. 176, 49 Pac. 566]; *City of Los Angeles* v. *City Bank*, 100 Cal. 18, [34 Pac. 510]; *Savings Bank* v. *Burns*, 104 Cal. 480, [38 Pac. 102]; *Manchester R. R. Co.* v. *Concord R. R.*, 66 N. H. 100, [49 Am. St. Rep. 589, 9 L. R. A. 689, 20 Atl. 383]; 13 Corpus Juris, p. 501, sec. 444.)

For the reasons given the judgment is reversed.

Shaw, J., Wilbur, J., Olney, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.