[Civ. No. 3833. First Appellate District, Division Two.—June 13, 1921.]

FLORENCE R. YOUNG et al., Appellants, v. LAGUNA LAND AND WATER COMPANY (a Corporation), Respondent.

[1] VENDOR AND VENDEE—REFERENCE TO UNRECORDED MAP—VOID CON-TRACT.—A contract for the sale of land by reference to an unre-corded map in violation of the provisions of the act of March 15, 1907 (Stats. 1907, p. 290), as amended in 1913 (Stats. 1913, p. 570), is void from the beginning and unenforceable.

[2] ID.—ACTION TO ESTABLISH CONTRACT—INSUFFICIENT COMPLAINT—WHEN OBJECTION MAY BE RAISED.—In an action to establish the validity and existence of a certain contract for the purchase of land, a complaint alleging that the contract was made in refer-ence to a map which was exhibited to plaintiff, but which was never recorded, fails to state a cause of action, and the insuffi-ciency of the complaint can be raised at any time.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Woodruff & Shoemaker for Appellants.

John E. Biby and Harry C. Biby for Respondent.

NOURSE, J.—Plaintiff commenced this action to estab-lish the validity and existence of a certain contract for the purchase of land in a subdivision of Los Angeles County, to protect the rights and interest of the plaintiffs under the contract, and to adjudge the contract in full force and effect notwithstanding cancellation thereof by the defendant. The complaint alleges that on May 26, 1919, plaintiff Florence R. Young signed in triplicate a form of contract for the purchase of a certain lot of land in ac-cordance with a map which was thereupon exhibited to her by the defendant; that each of the three original copies so signed by her were left in the custody of the defendant; that they were signed by the proper officers of the defend-ant, but before any one of said copies was delivered to her the defendant canceled all three copies by stamping the

word ''canceled'' thereon and refused to recognize the contract as having any binding force. Defendant answered, alleging that the contract upon which plaintiff's sued was signed by inadvertence and mistake; that as soon as the mistake was discovered it notified plaintiffs thereof, offered to restore the portion of the purchase price which had been paid thereon, and tendered plaintiffs a new contract, but that plaintiffs refused to accept tender of the money so paid. [1] Upon the trial the court found, in accordance with the allegations of the answer, that the contract upon which the suit was based was signed through inadvertence and mistake, and also that it was based upon a map or plat of a subdivision of land which defendant was offering for sale to the public and that said map or plat was never recorded. Judgment was rendered in favor of defendant, from which plaintiffs prosecute this appeal.

The case is controlled by the rule announced in *Smith* v. *Bach,* 183 Cal. 259, [191 Pac. 14]. There the court held that a contract for the sale of land by reference to an unrecorded map in violation of the provisions of the act of March 15, 1907 (Stats. 1907, p. 290), was void. This act, though amended in 1913 (Stats. 1913, pp. 570, 571), is not now materially different from that considered by the supreme court in the above case. By the rule announced in that case the contract in suit was void from the beginning and is unenforceable. Plaintiffs did not seek rescission of the contract or pray for equitable relief arising out of its execution. They expressly sought the enforcement of the contract and prayed the court to declare it to be still in full force and effect and to determine their rights under it. That such relief cannot be had upon a void contract goes without question.

It is argued by appellants on this appeal that the invalidity of the contract by reason of the failure to record the map was not raised in the court below but that it was raised for the first time by respondent on this appeal. For this reason, it is argued, this court cannot consider the point.

[2] The question was raised by the plaintiffs in the amendment to their complaint, wherein they expressly alleged that the contract for the sale of this lot was made in reference to the map which was exhibited to the plain-

tiff Florence R. Young and which had been prepared for recordation at the date of said agreement but which was never recorded by said defendant at all. Thus, on the face of plaintiffs' complaint, the contract was void and unenforceable. The complaint did not, therefore, state a cause of action, and, of course, the insufficiency of a complaint can be raised at any time.

The judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 8, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.