[Civ. No. 3537. Third Appellate District.—August 27, 1928.]

CRIS M. KRAUSE, Respondent, v. MARINE TRUST & SAVINGS BANK (a Corporation), et al., Appellants.

Edward T. Sherer, Welburn Mayock, and Swaffield & Swaffield for Appellants.

Norman T. Mason for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a decree rescinding a contract to purchase real

property, and refunding the purchase price thereof, on the ground of fraud.

June 12, 1923, plaintiff entered into a written contract with the defendants Gilkey and Leeston-Smith to purchase "Lot 6, No. A, Tract 6743, being a subdivision of the east 19.80 acres of Lot 4, Range 7, of the Temple & Gibson Tract in the County of Los Angeles, as per map recorded in Book 32, page 64, Miscellaneous records of said county, in the Tract No. 6743 as per map recorded in Book ——, Page —— of maps in the office of the County Recorder of Los Angeles County, California," for the sum of $2,000, to be paid in specified monthly installments. The last installment of the purchase price of this lot was not paid until June 8, 1925. This appeal is on the judgment-roll only, and the evidence is not before this court.

The plaintiff alleged, and the trial court found, that in procuring the contract to purchase the lot in question, the appellants Gilkey and Leeston-Smith exhibited to respondent what purported to be a blue-print copy of the map of said tract No. 6742, showing the dimensions of said lot, and then represented the fact to be that said lot fronted on Lemon Street in Los Angeles and extended along Washington Street a distance of 105 feet to an alley at the rear. This map, which was exhibited to respondent, was never filed for record, although the contract of sale stated that it was situated "in tract No. 6743, as per map recorded in Book ——, page ——, of maps in the office of the County Recorder of Los Angeles County." This map, which was exhibited to the respondent was subsequently changed so as to indicate that the lot in question was but 90 feet in depth instead of 105 feet, as represented by the appellants. This map, so changed, was for the first time filed for record July 25, 1923, after the contract for sale of the lot had been executed and delivered. The respondent was not notified of the change. The trial court found that the respondent relied upon the dimensions of the lot as shown by the map which was exhibited to him, and upon the statements made by appellants, and that he had no knowledge of the alterations of the map, or the change in the depth of the lot until his final payment had been made and the deed was tendered to him July 10, 1925, in which deed the lot was

described as 90 feet in depth instead of 105 according to contract. Acceptance of this deed was refused and this action for rescission was then promptly commenced on August 6, 1925. A judgment was rendered against appellants, rescinding the contract for fraud and restoring to respondent the amount of the purchase price which had been paid.

The appellants contend that the filing of the amended map on July 25, 1923, was notice to respondent of the diminished size of the lot in question, and that he is, therefore, guilty of laches in failing to have promptly commenced his action for rescission after the filing of this map.

This contention is without merit. The contract to purchase the lot in question having described it by reference to an unrecorded map, was void as provided by the Statutes of 1907, page 290, which declares:

" . . . No person shall sell or offer for sale any lot or parcel of land by reference to any map or plat, other than such recorded map or plat (which is provided for by the statute) or a true and correct copy thereof. . . . Any map or plat which is not executed and approved as herein required shall be null and void."

The purchase price of the lot which was paid pursuant to this void executory contract was, therefore, without consideration, and hence was a proper claim for repayment in this action for rescission. (*Smith* v. *Bach,* 54 Cal. App. 236, 238 [201 Pac. 611]; *Smith* v. *Bach,* 183 Cal. 259 [181 Pac. 147].)

 The filing of the altered map subsequent to the execution and delivery to the respondent of the contract of sale of the lot in question was not notice to him of the change in the depth of the lot. His attention was not called to this change. The contract affirmatively stated that the map, at the time of the execution of the contract, was recorded in the office of the county recorder of Los Angeles County, although the book and page of the purported recordation were left blank. Moreover, the appellants represented to respondent that the blue-print which was exhibited to him was a true copy of the map on file. The respondent had a right to rely upon these affirmative representations as true. He had no occasion to examine the record to prove the

truthfulness of these affirmative statements, but upon the contrary had a right to rely upon the specific provisions of his written contract. ■ The recording of the map subsequent to the execution of the contract in question did not give constructive notice of its contents. The public record of any instrument which is by law required to be recorded, or which is entitled to be recorded, is constructive notice only as to *subsequent* purchasers or interested parties. A prior purchaser or interested party is not affected thereby. (Sec. 1213, Civ. Code; 22 Cal. Jur. 616, sec. 29; 23 R. C. L. 211, secs. 71, 72.) ■ The appellant was, therefore, not guilty of laches in failing to bring his action for rescission until after actual notice of the change in the dimensions of the lot had been acquired, which first came to his attention upon the tendering of the deed.

The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.