[L. A. No. 10019. In Bank.—September 13, 1929.]

EDITH I. GOODSPEED, Respondent, v. ASSOCIATED ALMOND GROWERS OF PASO ROBLES, Appellant.

Griffith & Thornburgh and Wm. G. Griffith for Appellant.

Webster & Lyon for Respondent.

PRESTON, J.—The judgment of the court below is affirmed.

On June 25, 1920, respondent contracted with defendant to purchase twenty acres of land set to almond trees, described in the agreement of purchase as follows: " . . . and the said Buyer agrees to buy and pay for twenty acres of almond land situated in the Paso Robles District, California, which said land is described as follows, to-wit: Lots 10 and 12 of Associated Almond Orchards, Loma Robles Tract, containing 20 acres of 4 year old trees."

Plaintiff visited the tract and appellant's salesman showed her the property supposed to be covered by the contract, identifying its location, she claims, by the use of an

unrecorded map in his possession and by pointing out its dimensions from certain individual trees in the tract. She paid the installments due on the purchase price of $16,000 until June 24, 1923, on which date her total payments aggregated $9,857, including interest and taxes. Thereafter she brought this action to rescind the contract and to recover the amounts paid thereunder upon the ground that it was null and void because made in violation of the provisions of the act of 1907 (Stats. 1907, p. 290, sec. 8), which require that no person shall sell or offer for sale any parcel of land by reference to any map or plat, unless such map or plat has been made, certified, indorsed, acknowledged and filed in all respects as therein provided. Defendant by its answer denied that said sale was made by reference to an unrecorded map.

The court, however, found that the term "Lots Ten and Twelve" as used in said contract of purchase was intended by the defendant to and did indicate and designate two lots or subdivisions of a certain tract as delineated on the survey of said land and the map or plat thereof made by defendant prior to execution of the contract; that said map was used by defendant in offering for sale and selling plaintiff said property; that it had not been filed or recorded in the office of the county recorder of San Luis Obispo County or elsewhere; and in fact that no map or plat of said lands had ever been filed in the office of said county recorder. The court accordingly gave judgment for plaintiff, from which defendant has appealed.

The description itself, as it appears in the contract, calls for the use of some map or plat for identification of the property, without which said description is plainly unintelligible and perhaps void for uncertainty. In short, an examination of the evidence shows that it is ample to sustain the findings made by the court that the sale was made from an unauthenticated map or plat, and hence brings into operation the rule many times stated by this court, that a contract to sell lots described only by reference to an unrecorded map, contrary to the provisions of the statute hereinabove referred to, is void and unenforceable and the purchaser thereunder may recover the amount paid by him. (*Smith* v. *Bach*, 183 Cal. 259 [191 Pac. 14]; *Smith* v. *Bach*, 54 Cal. App. 236 [201 Pac. 611]; *White* v.

*Jacobs,* 204 Cal. 334 [267 Pac. 1087]; *Hartzell* v. *Doolittle,* 205 Cal. 17 [269 Pac. 527]; *Krause* v. *Marine Trust & S. Bank,* 93 Cal. App. 681 [270 Pac. 246]; *Letteau* v. *Dumas,* 99 Cal. App. 230 [278 Pac. 459].) Further discussion is not required.

Richards, J., Shenk, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.