[Civ. No. 3970. Third Appellate District.—December 16, 1929.]

KORA KOZLOWSKI, Respondent, v. B. G. ADAMS, Appellant.

Arthur C. Fisher and Lee R. Taylor for Appellant.

George S. Hupp and Hubert W. Swender for Respondent.

FINCH, P. J.—The complaint alleges that the defendant entered into an agreement with Rose Henderson, by the terms of which he agreed to sell and convey to her lot 84, tract 4754, in the city of Los Angeles, for $3,500; that he showed her a map of the tract and told her that it "was the official and recorded map of said tract"; that thereafter Rose Henderson transferred all her rights under the contract to the plaintiff; that the plaintiff has paid the defendant on the purchase price of the lot the sum of $2,500; that the defendant thereafter informed the plaintiff that he would not convey the lot to her because the said map had not been recorded; that thereafter the plaintiff tendered the balance due under the contract and demanded a conveyance

of the lot to her, but that the defendant refused; that at the time of entering into the contract the defendant knew that the map was not recorded; that the plaintiff has been damaged, in addition to the amount paid upon the purchase price of the lot, in the sum of $6,500. The prayer is for the recovery of the amount so paid and damages in the sum of $6,500.

The answer, signed by the defendant *"in propria persona,"* denies, among other things, "that the plaintiff has paid on account of said purchase price the sum of $2,500"; admits that the alleged map was not recorded at the time the contract was executed, and alleges that the defendant has "offered to refund to plaintiff all moneys paid on said contract plus 7 per cent interest."

Judgment was entered in favor of the plaintiff for $4,933.70 and costs of suit and the defendant has appealed.

The defendant was not personally present at the trial, but an attorney was in court attempting to act for the defendant. The court refused to permit the attorney to represent the defendant, apparently on the ground that he had not been regularly substituted as attorney in place of the defendant acting as his own attorney, and stated: "You have no case at all here. The man sold a lot and the map of the tract was never recorded and under the law he has committed a misdemeanor. I will not permit you to put in any testimony whatever." The court refused to permit defendant's attorney to cross-examine the plaintiff's witnesses or to introduce any evidence in defense. In reply to such attorney's statement that the defendant had a right to present his defense, the court said: "I will not permit the introduction of any evidence under your answer. . . . I cannot permit you to defend because your answer shows that you have violated the law and are guilty of a misdemeanor. . . . If he was on a criminal trial, of course, he could defend . . . but your own answer puts you out of court."

The denial of the allegation that the plaintiff had paid the sum of $2,500 on the purchase price of the lot is in the form of a negative pregnant and constitutes, in effect, an admission of that allegation, but if the language of the court is to be understood as stating that the defendant was precluded by his unlawful act from making any defense to

the plaintiff's claim for damages, then the court was clearly in error. Whether counsel who attempted to represent the defendant at the trial had a right so to appear for him need not be determined on this appeal, because the judgment must be reversed on other grounds and the question probably will not arise on a retrial of the case.

The allegation in the complaint that the defendant represented to the plaintiff's assignor that the map in question was recorded is immaterial, because it is not alleged that either the plaintiff or her assignor was without knowledge of the fact that the map was unrecorded or that either of them was misled or deceived by the representation.

It is clear that the alleged contract is void and that the plaintiff is entitled to recover the purchase price paid thereon. (*Smith* v. *Bach*, 183 Cal. 259 [191 Pac. 14]; *White* v. *Jacobs*, 204 Cal. 334 [267 Pac. 1087]; *Hartzell* v. *Doolittle*, 205 Cal. 17 [269 Pac. 527]; *Letteau* v. *Dumas*, 99 Cal. App. 230 [278 Pac. 459]; *Shortell* v. *Evans-Ferguson Corp.*, 98 Cal. App. 650 [277 Pac. 519]; *Krause* v. *Marine Trust & Sav. Bank*, 93 Cal. App. 681 [270 Pac. 246].) Plaintiff's claim for damages is for a breach of the alleged contract. An "action for a breach of contract is one based upon the contract." (*Lemle* v. *Barry*, 181 Cal. 1, 3 [183 Pac. 150, 151].) A so-called void contract is not a contract at all, and it is only the statement of a truism to say that there cannot be a breach of a contract which has no existence. There is no basis, therefore, for an allowance of damages for breach of contract. Evidence was introduced to show that the plaintiff had paid certain sums for taxes and interest. Evidence was also introduced as to the amount of damages suffered by the plaintiff. Counsel for defendant asked the court to make findings, but the court refused, saying: "Findings are denied by reason of the fact there was no appearance on the part of the defendant." There being no findings, it is impossible to ascertain upon what the judgment for $4,933.70 is based, but clearly the amount is greatly in excess of any sum properly allowable under the evidence. There being no basis upon which to modify the judgment, it is necessary to send the case back for a retrial.

The judgment is reversed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 15, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 14, 1930, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing of this cause in the Supreme Court is denied.

We are in accord with the District Court of Appeal in its ruling that the trial court was in error in denying the defendant the right to make his defense to the plaintiff's cause of action. We withhold our approval, however, of that portion of the opinion holding that the contract for the purchase of the lot described in the complaint in said action was void and the plaintiff could not, therefore, recover damages for its breach. As to this phase of the case, we express no opinion.

All the Justices present concurred.