[Civ. No. 6946. Second Appellate District, Division One.—January 21, 1932.]

ALEX SILVERTHORNE, Appellant, v. SANFORD D. PERCEY et al., Respondents.

Martin E. Geibel for Appellant.

Hardy, Elliott & Aberle and Vernon W. Hunt for Respondents.

TAPPAAN, J., *pro tem.*—This is an appeal by plaintiff from a judgment entered in favor of defendant Jessie B. Percey upon an order sustaining a demurrer to plaintiff's amended complaint without leave to amend.

The facts, which are admitted, are, briefly, as follows: The plaintiff, in the capacity of real estate broker, negotiated a certain exchange of real property between defendant Jessie B. Percey and her husband Sanford D. Percey with Ida F. Cushman and E. H. Cushman. The agreement for the exchange was reduced to written form and duly accepted in conformity to the provisions thereof. The agreement is in the conventional form. The property which the Perceys sought to exchange was described in this exchange agreement as consisting of certain enumerated lots situated in "Tract No. 7368, Monte Vista, as per map recorded in book 6, pages 324 and 325, Los Angeles County records, California." At the time the exchange agreement was entered into by the parties, there was not on the records in the books or records of Los Angeles County, California, any tract numbered 7368, Monte Vista. Plaintiff, it would appear, did not know this fact at the time said exchange agreement was entered into by the parties, or at any time prior to the refusal of the Cushmans to complete the exchange. After entering into the exchange agreement heretofore mentioned, the Cushmans discovered that there was no such record of the lots mentioned in the exchange agreement and they thereupon refused to complete the exchange, giving as their sole reason the fact that there was no such record of said lots to be found in the records of Los Angeles County, California.

Thereafter plaintiff demanded from defendants the commission specified as due him under the terms of the exchange agreement. Defendants refused to pay the commission so demanded and plaintiff then filed this action, claiming, in the first count of his amended complaint a sum alleged to be the commission agreed to be paid by defendants as commission upon said exchange, and in the second count of said amended complaint a like sum claimed agreed

to be paid by the Cushmans by way of commission upon said exchange, which it was alleged they had failed and refused to pay. The plaintiff demands judgment as against defendants for both commissions. To this amended complaint defendant Jessie B. Percey interposed the demurrer that the amended complaint failed to state facts sufficient to constitute a cause of action. This demurrer was sustained without leave to amend. Judgment was thereupon entered in favor of defendant Jessie B. Percey. From this judgment plaintiff appeals.

The sole question presented upon this appeal is as to the construction of the Statutes of California, 1907, page 290 (Act 2690, Henning's Gen. Laws; Act 4574, Deering's Gen. Laws 1923), and its effect upon the transaction entered into by the parties to the exchange. Section 8 of the statute in question, as amended in 1913 (Stats. 1913, p. 570), provides: "No person shall sell or offer for sale any lot or parcel of land, by reference to any map or plat, unless such map or plat has been made, certified, indorsed, acknowledged and filed in all respects as provided in this act. . . . and no person shall sell or offer for sale any lot or parcel of land by reference to any map or plat other than such recorded map or plat or a true and correct copy thereof." The statute then provides that "every person who violates any of the provisions of this act is guilty of a misdemeanor". Defendant contends that the exchange agreement set up in the two counts of plaintiff's amended complaint was void in its inception by reason of its violation of the statute referred to. Plaintiff's first contention is that the Statutes of 1907, page 290, do not prohibit an "exchange", but only render void "sales" and "offers to sell". The question is one rather of definition than construction. Our courts have held exchanges of land to be contracts of sale. (*Gilbert* v. *Sleeper,* 71 Cal. 290 [12 Pac. 172].) The language of the statute is not ambiguous nor is it uncertain. To place upon it the construction contended for by plaintiff would clearly nullify the legislative intent and render in part at least nugatory the very purpose of the statute.

Plaintiff's principal ground for appeal is that he, as broker, rendered the service for which he seeks to recover in ignorance of the fact that the map referred to in the agreement had not been filed. There can be no question

that the agreement of exchange entered into between the parties was void in its inception, and that such fact appears from the face of the pleadings. (*Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14]; *Young* v. *Laguna Land etc. Co.,* 53 Cal. App. 178 [199 Pac. 810]; *King* v. *Johnson,* 30 Cal. App. 63 [157 Pac. 531]; *Letteau* v. *Dumas,* 99 Cal. App. 230 [278 Pac. 459]; *Krause* v. *Marine Bank,* 93 Cal. App. 681 [270 Pac. 246]; *Shortell* v. *Evans-Ferguson Corp.,* 98 Cal. App. 650 [277 Pac. 519]; *Kozlowski* v. *Adams,* 102 Cal. App. 578 [283 Pac. 363]; *Goodspeed* v. *Associated Almond Growers of Paso Robles,* 208 Cal. 121 [280 Pac. 530].) The case of *King* v. *Johnson,* 30 Cal. App. 63 [157 Pac. 531], is one in which a broker sought to recover commissions, as such, for services rendered in the sale of real property under circumstances similar to the present case, except that the sale was made with knowledge of the illegal nature of the transaction. The court in that case says: "The complaint discloses the illegal transaction upon which plaintiff founds his right to recover, and this being true, no evidence was admissible in support of the alleged cause of action. The statute was enacted, not as a revenue measure, but as a declaration of the public policy of the state. Being in the interest of the public, we cannot, in applying it, consider matters of private justice between individuals; for 'the rights of the public are superior to any such private considerations, and the public's right is that the fountains of justice shall remain unpolluted; that no court shall lend its aid to a man who grounds his action upon an . . . illegal act'. (*Berka* v. *Woodward,* 125 Cal. 119 [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777] and cases there cited.)" Plaintiff's right of recovery is, without question, based upon a transaction void in its inception and unenforceable in our courts. In *Berka* v. *Woodward, supra,* it is said: "This, then, is the undoubted rule, that when a contract is expressly prohibited by law, no court of justice will entertain an action upon it, or upon any asserted rights growing out of it. And the reason is apparent, for to permit this would be for the law to aid in its own undoing." The above language is quoted in *MacRae* v. *Heath,* 60 Cal. App. 64, 72 [212 Pac. 228]. This question of knowledge of the broker, where express statutory prohibition existed, was directly passed upon in the case of *List* v. *Republic*

*Bond etc. Co.,* 94 Cal. App. 549, 554 [271 Pac. 529, 530]. This case involved the attempt of a broker to recover commissions upon a sale void under the provisions of the Corporate Securities Act (Stats. 1917, p. 673). There it is said: "Notwithstanding, then, the good faith of the plaintiff in demanding his share of the commissions on what he believed was a legitimate sale, he cannot be permitted to recover for any services he may have rendered in even unconsciously aiding the officers of the company in consummating an unlawful or void sale, denounced by the statute as the commission of a felony." In the supporting cases cited by the court is the case of *Smith* v. *Bach, supra.* Cases cited by plaintiff in his brief from other jurisdictions are based upon statutes which the courts construe as not prohibiting the sale, while the statute here considered, in express terms, prohibits the doing of the very act for which plaintiff claims a right to commissions. In the case of *Pape* v. *Wright,* 116 Ind. 502 [19 N. E. 459], cited by plaintiff in his brief this distinction clearly appears. The court at page 461 (of 19 N. E.) says: "Here there was no general prohibition, but simply a regulation of the mode of procedure by venders of patented rights. If the sale of patented rights had been absolutely prohibited (supposing such a thing legally possible), there would be plausibility in the theory that a broker could not do any act towards bringing about a sale." What has been said as to cases from other jurisdictions applies to the California cases cited by defendant, they do not involve statutes declaring unlawful the act asserted as a basis of recovery.

██ Plaintiff's contention that defendants are estopped is inapplicable here as the transaction was void in its inception and without legal existence. Neither action nor nonaction of a party can be invoked as an estoppel against asserting its invalidity. (*Prey* v. *Stanley,* 110 Cal. 423 [42 Pac. 908]; *Tatterson* v. *Kehrlein,* 88 Cal. App. 34 [263 Pac. 285]; 10 Cal. Jur. 623.)

For the reason herein stated the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.