LEDWICH, P. J.
 

 Plaintiff, a woman over 18 years of age, alleges in her complaint that she was employed by defendant as manager, janitor and parking-lot attendant of an apartment house from March 17, 1953, to about November 17,1953, and that during that period she rendered services to the defendant at its special instance and request for at least 86 hours per week as such employee. She alleged she was entitled to be paid at the minimum wage of 75 cents per hour for the first 48 hours’ work each week, and at time and a half, or $1.12% per hour, for 38 hours’ overtime work each week. After allowing credit to defendant at the rate of $75 per month paid her, and for the use of an apartment provided for her as part of her compensation, plaintiff sued for a balance of $1,796.80. Judgment was entered in her favor for $1,106.25.
 

 Appellant makes three contentions for reversal of the judgment, namely:
 

 (1) That there is no substantial evidence that appellant required or compelled respondent to work in excess of the maximum hours provided by law for women workers of 48 hours per week.
 

 (2) That under section 1194 of the Labor Code plaintiff was only entitled to recover an amount equal to the minimum wage of 75 cents per hour for all time worked, including overtime.
 

 (3) That section 1198 of the Labor Code provides that “the employment of any woman . . . for longer hours than those fixed by the order ...” (Industrial Welfare Commission Order No. 5-52) “is unlawful.” Therefore, argues appellant, plaintiff cannot recover for time worked in excess of eight hours per day, or 48 hours per week.
 

 No findings were requested or made. As an appellate court, this court is bound by the well settled rule regarding the evidence that if there is any substantial evidence to support the judgment, this court will not weigh the evidence or pass upon the credibility of the witnesses, or conflicts in the evidence. We have carefully read the entire transcript of the testimony before the trial court and are satisfied that it amply supports the finding, implicit in the judgment, that plaintiff worked a sufficient number of hours in excess of the maximum of 48 hours per week to warrant the amount of the judgment.
 

 
 *Supp. 891
 
 Plaintiff’s evidence shows that she worked daily from approximately 7 o’clock a. m. until 9, 10 or 11 o’clock at night, with practically no time off, except for meals, and that she also worked Sundays and holidays the same hours. Her duties as manager of this 40-room apartment house and parking lot with 21 stalls or garages were numerous. She collected, kept track of, and deposited all of the rents from the apartment house and parking lot, showed and rented the apartments, and exercised supervision over all of the activities at the apartment house. There was no regularly employed janitpr, and plaintiff also did janitorial work of various kinds. She handled complaints of tenants and disturbances at night at the apartment house. Plaintiff was told by the president and general manager of defendant, who hired her, that her hours would be “long and confining hours,” and that she was to be on the premises whenever there were vacant apartments, and on Sundays and holidays.
 

 Plaintiff further testified that there were 11 vacant apartments when she took the job and that at all times while she managed the apartment house there were vacant apartments to rent, that there was a running ad in the paper at all times, with the telephone number, she handled complaints and disturbances, and that she was required to phone defendant’s manager whenever she rented an apartment, day or night; that tenants moved in and out frequently; that she had numerous telephone calls, and numerous persons came to see the apartments respecting the renting thereof, day and night. Plaintiff further testified that she was required to look after the garbage cans early in the morning, the washing and drying machines sometimes as late as 10 o’clock at night; that she was required to look after the water in the furnace, and performed numerous other duties of a janitorial nature.
 

 Plaintiff’s testimony that she was required by the defendant to be on the premises at all times when there were vacant apartments was corroborated by an agent of the Division of Industrial Welfare, who testified that the president of defendant so stated to her. The foregoing résumé of plaintiff’s duties is sufficient to show that the trial court was justified in finding that plaintiff worked daily, including Sundays and holidays, from approximately 7 o’clock a. m. until 9 or 10 o’clock at night, and that the nature of her duties required her to devote that much time to the job of manager.
 

 The evidence is also amply sufficient to show that the defendant’s president, who was frequently on the premises, knew
 
 *Supp. 892
 
 that plaintiff was performing these numerous duties and that they required the plaintiff to be on the job for approximately the above hours daily and weekly. The requirement of defendant that plaintiff be on the premises at all times when there were vacancies in the apartment house itself is strongly corroborative of plaintiff’s testimony as to the hours that she worked and was required to work. We find no merit in appellant’s argument regarding the insufficiency of the evidence to sustain the implied finding that plaintiff worked long hours overtime daily and weekly. The evidence is ample to sustain a finding that plaintiff worked at least four hours overtime daily, in addition to Sundays and holidays, or a total of 84 hours a week.
 

 Appellant’s second argument is that under section 1194 of the Labor Code plaintiff was only entitled to recover an amount equal to the minimum wage of 75 cents per hour for all hours worked, and that the amount awarded her exceeds such sum.
 

 Section 1194 of the Labor Code reads as follows:
 
 “Recovery of unpaid balance of full amount of minimum wage.
 
 Any woman or minor receiving less than the legal minimum wage applicable to such woman or minor is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with costs of suit, notwithstanding any agreement to work for a lesser wage.”
 

 Section 4-(b) of Order No. 5-52 of the commission is as follows: “Every employer shall pay to each employee, on the established pay day for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.”
 

 Section 2-(h) of said Order No. 5-52 reads as follows: “ ‘Hours Worked’ means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.”
 

 Section 10 of said Order No. 5-52 provides that when “lodging” or living accommodations are provided by the employer as part of the compensation, “they may not be evaluated in excess of the following: Apartment—Two-thirds (%) of the ordinary rental value ...”
 

 Appellant makes no attack on the validity of the above orders of the commission, but bases its argument solely upon section 1194 of the Labor Code. Appellant states in its clos
 
 *Supp. 893
 
 ing brief how the court arrived at the amount of its judgment, but there is nothing in the record before us to support such statement. Since there are no findings, this court does not know how many hours the trial court found that plaintiff worked per day or week. Under the evidence, it could have found that she worked 86 hours a week, as she alleged.
 

 If appellant desired a review of the process by which the trial court arrived at the amount awarded plaintiff, it should have requested findings of fact showing the total number of hours the court determined that plaintiff actually worked and the rate per hour of compensation awarded her. In the absence of any such findings, if the amount of .the judgment, computed at the minimum wage “for all hours worked” is supported by the evidence, we need not concern ourselves with how the trial court arrived at the amount.
 

 As above pointed out, there was sufficient evidence before the trial court for it to find that she did work 86 hours per week during the period from March 17, 1953, to November 7, 1953, or 33.5 weeks. If the trial court concluded that she worked 12 hours a day, or 84 hours a week, for the above period, at the minimum wage of 75 cents per hour, she would be entitled to $2,110.50 “for all hours worked.” Her agreed compensation was $75 per month and an apartment, the rental value of which was $75 per month. She was actually paid $581.25 in cash, and evaluating the apartment at two-thirds of its rental value (as provided by section 10 of Order No. 5-52), she also received $400 for eight months’ use of the apartment, making a total of $981.25 paid to plaintiff. The balance unpaid (computed at 75 cents per hour) would be $1,129.25, slightly in excess of the judgment of $1,106.25. The result is that the judgment is supported by the evidence under the interpretation of section 1194 which appellant argues it should receive.
 

 The gist of appellant’s third argument is that plaintiff should be denied recovery because she is
 
 in pari delicto
 
 with the defendant. In support of this argument defendant cites and relies upon
 
 Lewis
 
 v. Ferrari, 34 Cal.App.2d Supp. 767 [90 P.2d 384], decided by the Appellate Department of the Superior Court of San Diego County in 1939. Appellant argues that plaintiff did not work overtime because of coercion or compulsion, but voluntarily, and she should be denied recovery because she was involved in an unlawful act. There are several answers to this argument.
 

 1. The evidence fully justifies a finding that the nature of
 
 *Supp. 894
 
 the various duties that defendant required plaintiff to perform as manager, both day and night, and holidays, required her to be on the job 84 hours, or more, a week. During all of such time, she was subject to the control of defendant, as her employer. Order No. 5-52, subdivision 2-(h), (above quoted, defines hours worked as “the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.” Plaintiff was not free to pick up and leave the job when she had worked eight hours a day, or 48 hours a week, but had to devote whatever time was required to perform her duties as manager. To this extent her overtime was not voluntary, nor merely permitted by defendant, but was required by it.
 

 2. The Labor Code does not forbid the employee working more than eight hours a day or 48 hours a week, or attach any penalty to the employee for doing so. It does, however, forbid an employer employing or permitting any female to work more than the above maximum hours in an apartment house and makes the employer who does so guilty of a misdemeanor (Lab. Code, §§ 1350, 1354; also §§ 1198 and 1199). Section 1174 requires every employer to keep payroll records at the place of employment “showing the hours worked daily by, and the wages paid to women ...” Section 1175(d) makes the failure to keep such records a misdemeanor by the employer. The evidence shows, without dispute, that the appellant violated this provision of law and section 1353, for it kept no records as the law requires. The evidence shows two misdemeanors, under the Labor Code, committed by appellant, and no violation of law by plaintiff. In the eyes of the law, appellant was culpable, plaintiff was not. Under such circumstances, the California courts have refused to apply the rule of
 
 in pari delicto
 
 against the innocent or less culpable party, as appears from the eases hereinafter cited.
 

 3. The conclusive answer against applying
 
 in pari delicto
 
 in this case is the fact that the Legislature in enacting the Labor Code, pursuant to section 17% of article XX of the state Constitution, incorporated therein section 1194 (above quoted), permitting civil suits by the employee. This section is a declaration by the Legislature of the public policy of this state that an employee who is paid less than a minimum wage shall not be considered
 
 m pari delicto
 
 with the employer who has violated the statute, one of the primary purposes of which was the general welfare and protection of female
 
 *Supp. 895
 
 employees in their employment. In view of this declaration of public policy by the Legislature, which is a reasonable exercise of its power, there is no room for the courts to apply the doctrine of
 
 in pari delicto
 
 in a case such as this.
 

 There is no language in section 1194 of the Labor Code that the employee may recover wages for only 48 hours’ work. The language of the section is that the employee may recover in a civil action “the unpaid balance of the full amount of such minimum wage.” Order No. 5-52, section 4-(b) provides that the employer shall pay the employee “not less than the applicable minimum wage for all hours worked in the payroll period.” Considering that one of the primary purposes of the legislation was the protection of the employee, the only reasonable interpretation of section 1194 of the Labor Code is that in said Order No. 5-52, Paragraph 4-(b), that the employee shall be paid at least the minimum wage “for all hours worked.” Any other interpretation would defeat one of the main purposes of the statute, and the Constitution of California, article XX, section 17%, since the employer would be unjustly enriched by the employee’s overtime labor.
 

 Lewis
 
 v.
 
 Ferrari, supra,
 
 relied on by appellant, is readily and completely distinguishable from this ease upon its facts. That was an appeal upon the judgment roll and the trial court found that the employee engaged in a conspiracy with the employer to keep false records of the hours worked so as to show that the employee had not worked more than the maximum hours permitted by law. The employee actually kept such false records, pursuant to said conspiracy, and then sued for overtime contrary to the records. A judgment denying recovery was affirmed on the
 
 pari delicto
 
 rule. What is said in the opinion with reference to this rule must be considered as said with reference to the facts of the case before the court. It should be noted that section 1194 of the Labor Code is nowhere referred to in the opinion. We consider that the foregoing adequately disposes of any application of the
 
 pari delicto
 
 rule to the facts in this case. Our conclusion in this respect is fully supported by several California cases, including the following:
 
 Smith
 
 v.
 
 Bach,
 
 183 Cal. 259, 263-264 [191 P. 14];
 
 McAllister
 
 v.
 
 Drapeau,
 
 14 Cal.2d 102, 112 [92 P.2d 911, 125 A.L.R. 800];
 
 Carter
 
 v.
 
 Seaboard Finance Co.,
 
 33 Cal.2d 564, 574 [203 P.2d 758];
 
 Miller
 
 v.
 
 California Roofing Co.,
 
 55 Cal.App.2d 136, 143-144 [130 P.2d 740];
 
 Norwood
 
 v.
 
 Judd,
 
 93 Cal.App.2d 276, 289 [209 P.2d 24].
 

 
 *Supp. 896
 
 While none of the above cited cases involved a violation of the Labor Code, the
 
 pari delicto
 
 rule as announced in them clearly shows that such rule should not be applied to the facts in this case. In
 
 Smith
 
 v.
 
 Bach,
 
 the court states:
 

 “By the weight of authority where money has been paid in consideration of an executory contract which is illegal, the party who has paid it may repudiate the agreement at any time before it is executed and reclaim the money. In such a ease it is the duty of the court in furtherance of justice to aid one not
 
 in pari delicto,
 
 though to some extent involved in the illegality, but who, as here, is comparatively the more innocent, and to permit him to recover back money paid on a contract as the circumstances of the ease may require.”
 

 In
 
 McAllister
 
 v.
 
 Drapeau,
 
 page 112, the rule is stated as follows: “It is, of course, true that where parties are
 
 in pari delicto
 
 neither can secure affirmative relief at law or equity. But it is equally true that where one party is involved to some extent in the illegality, but where the second party is grievously at fault and the first party only slightly at fault the court will allow recovery of moneys paid by the first party under the executory contract.
 
 (Smith
 
 v.
 
 Bach,
 
 183 Cal. 259 [191 P. 14].)”
 

 In
 
 Carter
 
 v.
 
 Seaboard Finance Co.,
 
 at page 574, the court states: “A member of the class for whose protection the statute was enacted is ordinarily not considered
 
 in pari delicto
 
 with those who violate the statute.
 
 (McAllister
 
 v.
 
 Drapeau,
 
 14 Cal.2d 102, 112 [92 P.2d 911, 125 A.L.R. 800];
 
 Miller
 
 v.
 
 California Roofing Co.,
 
 55 Cal.App.2d 136, 143 [130 P.2d 740].)”
 

 In
 
 Miller
 
 v.
 
 California Roofing Co.,
 
 at page 143 the court announces the rule in this language: “Where contracts or transactions are prohibited by positive statute for the sake of protecting one set of men from another set of men—the one from their station and condition being liable to be imposed upon by the other—in the furtherance of these statutes, the person injured, after the transaction is finished and completed, may bring his action and defeat the contract. ’ ’ (Citing cases.) “This is true even though both parties are to some extent involved in the illegality. In such event, since the policy of the law designed to discourage illegal agreements comes in conflict with that policy which demands the effective enforcement of the Corporate Securities Act, the law differentiates the guilt of the parties, because refusal of relief to the less culpable would involve harmful effects wholly out
 
 *Supp. 897
 
 of proportion to the requirements of individual punishment, or the discouragement of illegal contracts. (Citations.) ”
 

 In
 
 Norwood
 
 v.
 
 Judd,
 
 at page 289 the court uses the following language, which aptly fits this case: “It is a rule predicated upon sound public policy. But the courts should not be so enamored with the Latin phrase
 
 ‘in pari delicto’
 
 that they blindly extend the rule to every case where illegality appears somewhere in the transaction. The fundamental purpose of the rule must always be kept in mind, and the realities of the situation must be considered. Where, by applying the rule, the public cannot be protected because the transaction has been completed, where no serious moral turpitude is involved, where the defendant is the one guilty of the greatest moral fault, and where to apply the rule will be to permit the defendant to be unjustly enriched at the expense of the plaintiff, the rule should not be applied.”
 

 The only cases cited by appellant, other than
 
 Lewis
 
 v.
 
 Ferrari, supra,
 
 are four cases from other jurisdictions. None of them involved a statute which contained a provision similar to section 1194 of the Labor Code. They are also distinguishable for other reasons apparent from a reading thereof. In any event, they have no application under the
 
 in pari delicto
 
 rule as that rule is established in this state by the California authorities above cited and others in accord therewith.
 

 The judgment of the municipal court is amply supported by the evidence and the law applicable thereto, and is affirmed. Respondent to recover costs on appeal.
 

 Wagler, P. J., and Hoyt, J., concurred.