[Civ. No. 4222.   Third Appellate District.—December 11, 1930.]

P. H. HUBBARD, Respondent, v. FRANK B. TURNER et al., Appellants.

James, Pace, Smith & Younkin and Troy Pace for Appellants.

Howard F. Shepherd for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—The plaintiff had judgment for the return of money theretofore by him paid to the defendants for and on account of the purchase price of certain real estate under a certain writing purporting to be an agreement of purchase and sale. From this judgment the defendants appeal.

The findings of the trial court, sustained by the testimony, show the following: That on or about the fourth day of November, 1923, the said plaintiffs and defendants entered into a writing by the terms of which the defendants purported to sell, and the plaintiff purported to buy certain real property therein referred to as lot 18 of tract proposed to be numbered 4175, being a portion of lot 13 of subdivision of Rancho La Canada, as per map of said lot now on record in book 4 at page 351, Miscellaneous Records of Los Angeles County. The court found that the map referred to was a private map, and then found as follows: "That said private map had not been, at that time, and was not until the 24th day of April, 1925, filed for record in the office of the County Recorder of the County of Los Angeles." The court further found that the plaintiff knew, at the time he purchased the premises and executed the said agreement, that no map or plat of said tract had been recorded in the office of the county recorder of Los Angeles County; that said lot 18 of said proposed tract could not have been identified, and said description was not a sufficient description of any real property whatever, without reference to the map or plat of said tract thereafter recorded. The court in its findings referred to the act of the legislature declaring void agreements such as the writing executed by the plaintiff and the defendants, and further found that both the plaintiff and the defendants knew, or should have known of the existence of the act of the legislature requiring maps to be recorded. The court further found the amount which the plaintiff had paid on

the purchase price of said lot, and awarded judgment for the repayment thereof.

It is but fair to counsel for appellants to state that in their closing brief they frankly call attention to the case of *White* v. *Jacobs,* 204 Cal. 334 [267 Pac. 1087], which practically disposes of the issues involved herein. In that case it is held (quoting from the syllabus): "Sale or offer for sale of lots of land by reference to an unrecorded map or plat is expressly prohibited by the statute of 1907, p. 290, and contracts for such sales based thereon are illegal and void; and the fact that the purchaser, who is seeking to recover the money paid on account of such illegal and void transaction, knew that the map referred to therein was unrecorded constitutes no defense to the right to recover." To the same effect is the case of *Kozlowski* v. *Adams,* 102 Cal. App. 578 [283 Pac. 365]. The circumstances here presented are identical in so far as the determination of this cause is concerned, with circumstances involved in the cases referred to, and basing our decision upon those cases, the judgment of the trial court must be affirmed. And it is so ordered.